**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC, | § § § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 2:23-cv-00439 |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |
| | § § § | |

**JOINT PRETRIAL ORDER**

Pursuant to the Third Amended Docket Control Order, (Dkt. 94) the parties submit the following:

## I.    COUNSEL FOR THE PARTIES

1. Plaintiff – Anonymous Media Research Holdings, LLC

Jason McManis
Weining Bai
Michael Killingsworth
Sujeeth Rajavolu
Louis Liao
Hailey Pulman
Chun Deng
Ab Henry
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
wbai@azalaw.com
srajavolu@azalaw.com
lliao@azalaw.com
hpulman@azalaw.com
mkillingsworth@azalaw.com
cdeng@azalaw.com
ahenry@azalaw.com

1

███████████████████████

Warren J. McCarty III
**The McCarty Firm, P.C.**
100 Crescent Ct., Floor 7
Dallas, TX 75201
Phone: (214) 459-3196
wmccarty@mccartyfirm.com

Andrea L. Fair
andrea@ millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: 903-757-6400
Fax: 903-757-2323

   2.   Defendants – Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

Robert W. Unikel
robertunikel@paulhastings.com
Grayson Cornwell (*pro hac vice*)
graysoncornwell@paulhastings.com
Daniel J. Blake (*pro hac vice*)
danielblake@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Forty-Fifth Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Allan M. Soobert
allansoobert@paulhastings.com
James V. Razick (*pro hac vice*)
jamesrazick@paulhastings.com
David Valente (*pro hac vice*)
davidvalente@paulhastings.com
Jason Mikus (*pro hac vice*)
jasonmikus@paulhastings.com
Kevin Stewart (*pro hac vice*)
kevinstewart@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Matthias A. Kamber

████████████████████████████

matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street Forty-Eighth Floor
San Francisco, CA.94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Andrea Pallios Roberts
andrearoberts@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA.94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Elizabeth L. Brann
elizabethbrann@paulhastings.com
Ariell N. Bratton
ariellbratton@paulhastings.com
Helen Gustafson (*pro hac vice*)
helengustafson@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA  92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

## II.    STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the purposes of this action only, the parties do not contest that this Court has personal jurisdiction over all parties. Likewise, for purposes of this action only, the parties do not contest

that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## III.    NATURE OF ACTION

This is a patent infringement case arising under the patent laws of the United States. Plaintiff Anonymous Media Research Holdings, LLC ("AMRH" or "Plaintiff") alleges that Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung" or "Defendant") have directly infringed the following claims pursuant to 35 U.S.C. § 271(a):

- U.S. Patent No. 10,719,848 ("the '848 Patent"): Claims 1–3, 5, 6, 9–11, 13, and 14;

- U.S. Patent No. 10,719,849 ("the '849 Patent"): Claims 1–3 and 5–13; and

- U.S. Patent No. 10,963,911 ("the '911 Patent"): Claims 1, 5–7, and 9.

(collectively the "Asserted Patents"). AMRH seeks money damages from Samsung for allegedly infringing the Asserted Patents, by making, using, importing, exporting, selling, and/or offering to sell in the United States the Accused ACR Instrumentalities.

Samsung denies infringement of any asserted claim of the Asserted Patents and further contends that every asserted claim is invalid and unenforceable for failing to satisfy one or more requirements for patentability under the patent laws of the United States, as set forth in Title 35 of the United States Code, including without limitation, the requirements set forth in sections 101, 102, and 103. Samsung contends that all of the asserted claims are invalid because they (1) claim patent-ineligible subject matter under Section 101; (2) are anticipated in view of the prior art under Section 102; and (3) are obvious in view of the prior art under Section 103.

Samsung denies that any damages are owed and that AMRH's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286 and/or 288.

███████████████████████

## IV.    CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial.  The parties do not necessarily agree with each other's summaries and contentions and reserve all objections.

### A.    AMRH's Contentions

AMRH provides the following statement of contentions without waiver of any claim pled, any response given during discovery, or any opinion given by AMRH's experts. By providing these contentions, AMRH does not waive any of its motions *in limine*, motions for summary judgment, or motions to strike.

1. AMRH contends that Samsung infringes claims 1–3, 5, 6, 9–11, 13, and 14 of the '848 patent under 35 U.S.C. § 271(a), literally, by making, using, selling, offering to sell, and/or importing into the United States the Accused ACR Instrumentalities from July 21, 2020 to the present, The Accused ACR Instrumentalities comprise the Samsung ACR System, which includes the infrastructure of hardware and software systems, devices, and apparatuses, including source code, that Samsung utilizes to perform media measurement based on Automatic Content Recognition (or "ACR").

2. AMRH also contends that Samsung infringes claims 1–3 and 5–13 of the '849 patent under 35 U.S.C. § 271(a), literally, by making, using, selling, offering to sell, and/or importing into the United States from July 21, 2020, to the present, the Accused ACR Instrumentalities or the Samsung ACR System.

3. AMRH contends that Samsung infringes claims 1, 5–7, and 9 of the '911 patent under 35 U.S.C. § 271(a), literally, by making, using, selling, offering to sell, and/or importing into the United States from March 30, 2021, to the present, the Accused ACR Instrumentalities or the Samsung ACR System.

████████████████████████████████

4.  AMRH contends that each of the Asserted Patents is entitled to a priority date of at least May 27, 2004.[1]

5.  AMRH contends that it has been damaged by Samsung's infringement of each of the Asserted Patents, and is entitled to damages of no less than a reasonable royalty, plus pre-judgment interest and reasonable and necessary costs under 35 U.S.C. § 284.

6.  AMRH contends that this is an exceptional case entitling it to attorneys' fees under 35 U.S.C. § 285.

7.  AMRH contends that the asserted claims of each of the Asserted Patents are not invalid for any reason, including under Sections 101, 102, and 103 of the Patent Act.

8.  AMRH contends that the asserted claims of each Asserted Patent are not unenforceable for any reason.

9.  AMRH contends that its damages for Samsung's past infringement of each of the asserted claims of the Asserted Patents are not barred or limited by 35 U.S.C. § 286 or § 288.

10. AMRH contends that Samsung is not entitled to a judgment in its favor on any affirmative defense asserted by Samsung.

11. AMRH contends that Samsung is not entitled to a finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

12. AMRH contends that it is entitled to pre-judgment and post-judgment interest.

13. AMRH seeks all equitable relief from the Court that is just and proper.

14. AMRH objects to any of Samsung's contentions that were not properly disclosed pursuant to the Court's rules and orders.

---

[1] "For purposes of this case, Samsung will not challenge that the Asserted Patents are entitled to the priority date of at least U.S. Provisional Application No. 60/574,836 filed on May 27, 2004." Dkt. 143, Joint Notice of Partial Dismissal Without Prejudice, filed June 27, 2025.

███████████████████████████

15. AMRH objects to Samsung's contentions regarding issues excluded by agreement and/or by rulings of the Court.

16. AMRH objects to any contention that is subject to a currently pending motion in this matter.

17. AMRH objects to any of Samsung's contentions that have been waived.

18. AMRH objects to the re-litigation of any issue that has already been determined by the Court.

19. To the extent not already addressed above, AMRH disagrees with Samsung's contentions.

### B.    Samsung's Contentions

1. Samsung provides the following statement of contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Samsung's experts. By providing these contentions, Samsung does not waive any of its motions in limine, motions for summary judgment, Daubert motions, or motions to strike; or any of its oppositions to AMRH's motions.

2. Samsung contends that it has not infringed any asserted claim of the Asserted Patents.

3. Samsung contends that it has not infringed claims 1–3, 5, 6, 9–11, 13, and 14 of the '848 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, exporting from and/or importing into the United States from September 22, 2017 (six years prior to the filing of this lawsuit) to the present, the Accused ACR Instrumentalities (i.e. Samsung Ads' use of fingerprinting based ACR).

4. Samsung contends that it has not infringed claims 1–3 and 5–13 of the '849 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, exporting from and/or importing into the United States from September 22, 2017 (six years prior to the filing of this lawsuit) to the present, the Accused ACR Instrumentalities.

███████████████████████

5. Samsung contends that it has not infringed claims 1, 5–7, and 9 of the '911 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, exporting from and/or importing into the United States from September 22, 2017 (six years prior to the filing of this lawsuit) to the present, the Accused ACR Instrumentalities.

6. Samsung contends that each asserted claim of each Asserted Patent is invalid under 35 U.S.C. § 101.

7. Samsung contends that claims 1 and 9 of the '848 Patent are invalid as anticipated under 35 U.S.C. § 102 based on U.S. Patent Publication No. 2005/0193016 to Seet et al. entitled "Generation of a media content database by correlating repeating media content in media streams" ("Seet").

8. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as anticipated under 35 U.S.C. § 102 based on U.S. Patent Publication No. 2004/0194130 to Konig et al. entitled "Method and system for advertisement detection and subsitution [sic]" ("Konig").

9. Samsung contends that all asserted claims of the Asserted Patents are invalid as obvious under 35 U.S.C. § 103.

10. Samsung contends that claims 1–3, 5–6, 9–11, and 13–14 of the '848 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Seet in view of the state of the art and the knowledge of a person of skill in the art.

11. Samsung contends that claims 1–3, 5–6, 9–11, and 13–14 of the '848 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Seet in view of the Admitted Prior Art.[2]

---

[2] A POSITA would know of the state of the art generally, and the "Admitted Prior Art" specifically as among the state of the art, and would have applied that knowledge when reading the Asserted Patents. The Admitted Prior Art includes certain well-known and conventional techniques admitted in the specification as reflecting the state of the prior art at the time of the alleged invention. It further includes examples of well-known and conventional content recognition

████████████████████

12. Samsung contends that claims 1–3, 5–6, 9–11, and 13–14 of the '848 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Seet and the Admitted Prior Art.

13. Samsung contends that claims 1–3, 5–6, 9–11, and 13–14 of the '848 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of U.S. Patent No. 8,468,357 to Roberts et al. entitled "Multiple step identification of recordings" ("Roberts"), Seet, and the Admitted Prior Art.

14. Samsung contends that claims 1–3, 5–6, 9–11, and 13–14 of the '848 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of U.S. Patent Publication No. 2002/0120456 to Berg et al. entitled "Method and arrangement for search and recording of media signals" ("Berg") and the Admitted Prior Art.

---

methods among the prior art at the time of the alleged invention that are admitted in the specification, including U.S. Patent Publication No. 2002/0083060 to Wang et al. entitled "System and methods for recognizing sound and music signals in high noise and distortion" ("Wang 060"), Patent Cooperation Treaty Publication No. 2004/044820 to Seo et al. entitled "Fingerprinting multimedia contents" ("Seo"), Patent Cooperation Treaty Publication No. 2004/030341 to Haitsma entitled "Fingerprint extraction" ("Haitsma 341"), and Patent Cooperation Treaty Publication No. 2004/040475 to Haitsma entitled "Improved audio data fingerprint searching" ("Haitsma 475"). ('848 Patent, 5:53-66). The Admitted Prior Art further includes any prior art references relied upon by the Examiner during prosecution of any of the Asserted Patents that were not challenged by the applicant, including, for example, U.S. Patent Publication No. 2004/0055445 to Iyoku et al. entitled "Musical composition recognition method and system, storage medium where musical composition program is stored, commercial recognition method and system, and storage medium where commercial recognition program is stored" ("Iyoku"), international application publication Patent Cooperation Treaty Publication No. 2005/036877 to Deng entitled "Digital video signature apparatus and methods for use with video program identification systems" ("Deng"), and U.S. Patent Publication No. 2002/0038456 to Hansen et al. entitled "Method and system for the automatic production and distribution of media content using the internet" ("Hansen").

15. Samsung contends that claims 1–3, 5–6, 9–11, and 13–14 of the '848 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Roberts, Berg, and the Admitted Prior Art.

16. Samsung contends that claims 1–3 and 5–13 of the '849 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on U.S. Patent No. 7,672,843 to Srinivasan et al. entitled "Audio signature extraction and correlation" ("Srinivasan") in view of Roberts.

17. Samsung contends that claims 1–3 and 5–13 of the '849 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Srinivasan in view of Roberts and the Admitted Prior Art.

18. Samsung contends that claims 1–3 and 5–13 of the '849 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Srinivasan, Roberts, and the Admitted Prior Art.

19. Samsung contends that claims 1–3 and 5–13 of the '849 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Patent Cooperation Treaty Publication No. 2005/079499 to Wang entitled "Method and apparatus for identification of broadcast source" ("Wang 499") in view of Roberts.

20. Samsung contends that claims 1–3 and 5–13 of the '849 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Wang 499 in view of Roberts and the Admitted Prior Art.

21. Samsung contends that claims 1–3 and 5–13 of the '849 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Wang 499, Roberts, and the Admitted Prior Art.

22. Samsung contends that claims 1–3 and 5–13 of the '849 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Srinivasan, Wang 499, Roberts, and the Admitted Prior Art.

23. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Japanese Patent Publication No. 2001-83978 to Nakabashi et al. entitled "Speech recognition device" ("Nakabashi") in view of Berg.

24. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Nakabashi in view of Berg and the Admitted Prior Art.

25. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Nakabashi, Berg, and the Admitted Prior Art.

26. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Konig in view of Berg.

27. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on Konig in view of Berg and the Admitted Prior Art.

28. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Konig, Berg, and the Admitted Prior Art.

29. Samsung contends that claims 1, 5–7, and 9 of the '911 Patent are invalid as obvious under 35 U.S.C. § 103 at least based on the Auditude/MusiKube prior art system in view of Nakabashi, Konig, Berg, and the Admitted Prior Art.

30. Samsung contends that AMRH is not entitled to any of the recovery it seeks.

31. Samsung contends that AMRH's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286 and/or 288.

32. Samsung contends that AMRH is not entitled to damages under 35 U.S.C. § 284, including but not limited to a reasonable royalty, on its claims of infringement related to the Asserted Patents. To the extent damages are to be awarded based on infringement of any of the asserted claims of the Asserted Patents, AMRH's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and AMRH has failed to provide a suitable basis on which damages may be properly calculated. Samsung contends in particular, as detailed in Samsung's motion to exclude certain expert testimony of Mr. Roy Weinstein (Dkt. 131) and Mr. Leo Hoarty (Dkt. 132), that AMRH's damages theories are legally deficient and methodologically unsound and thus should be excluded from trial. Samsung further contends that additional deficiencies in the expert reports of Mr. Weinstein and Hoarty, as detailed in the expert reports of Mr. Douglas Kidder and Mr. Ben Bederson, causes AMRH's requested damages to be inflated, inaccurate, and not reflective of a hypothetical negotiation between the parties.

33. Samsung contends that AMRH is not entitled to enhanced damages under 35 U.S.C. § 284.

34. Samsung contends that AMRH is not entitled to pre-judgment or post-judgment interest or costs, including under 35 U.S.C. § 284.

35. Samsung contends that AMRH is not entitled to an award of its attorneys' fees.

36. Samsung contends that it has engaged in all relevant activities in good faith, thereby precluding AMRH, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

37. Samsung contends that this is an exceptional case under 35 U.S.C. § 285 entitling Samsung to attorneys' fees, costs, and interest.

38. Samsung contends that AMRH is not entitled to an accounting for damages.

39. Samsung contends that AMRH is not entitled to any damages, including supplemental damages post-verdict.

40. Samsung contends that AMRH is not entitled to a compulsory ongoing licensing fee.

41. Samsung contends that AMRH is not entitled to any other relief.

42. Samsung contends that it is not liable to AMRH under any cause of action or legal theory that AMRH asserts.

43. Samsung objects to any of AMRH's contentions that were not properly disclosed pursuant to the Court's rules and orders.

44. Samsung objects to AMRH's contentions regarding issues excluded by agreement and/or by the rulings of the Court.

45. Samsung objects to any contention that is subject to a currently pending motion in this matter.

46. Samsung objects to the relitigation of any issue that has already been determined by the Court.

47. To the extent not already addressed above, Samsung disagrees with AMRH's contentions.

## V.    STIPULATIONS AND UNCONTESTED FACTS

### A.    Stipulations

48. The following stipulations are for the purposes of this case only.

49. The parties will continue to meet and confer to attempt to resolve their objections to deposition designations, witnesses, and exhibits, and to identify additional potential

stipulations, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

50. The parties propose that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

51. The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

52. The parties agree to the following procedure that will govern the disclosure of witnesses, exhibits, deposition testimony, and demonstratives[3] to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

53. **<u>Notification of Live Witnesses:</u>**

   a. A party will provide a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition) by **7:00 p.m. CT** two (2) days before they are expected to testify. Any objections to a live witness will be provided no later than **8:00 p.m. CT** the day before they are expected to testify. The parties are to meet and confer to resolve any objections at **8:30 p.m. CT** the day before the witness is expected to testify.

   b. Fact witnesses are not allowed into the courtroom before they testify on the stand, or after, if they are subject to recall, except that all witnesses may attend opening statements by the parties. The only exception is the parties' client representative, who will be allowed in the courtroom even if testifying in the case.

---

[3] "Demonstratives" or "demonstrative exhibits" as used in this document include without limitation all documentary, graphic, slide, animation, video, and any other form of demonstratives, such as prototypes or physical devices. "Demonstratives" and "demonstrative exhibits" shall not include callouts or highlights of admitted trial exhibits, including such callouts, highlights, or underlines that are on a slide with no other annotations, commentary, argument, or other images.

**54. Deposition Testimony:**

a. If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by **7:00 p.m. CT** four (4) days before the trial day during which the deposition testimony is expected to be read or played. For each such witness, the other party shall then identify its counter-designations and objections to the identified testimony by **7:00 p.m. CT** three (3) days before the deposition testimony is expected to be read or played. The party that expects to read or play the testimony shall provide objections to counter-designations by **8:00 p.m. CT** two (2) days before the deposition testimony is to be read or played and meet and confer to resolve any objections to designated testimony at **8:30 p.m. CT** that evening.

b. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, minus any attorney objections, and provide a final version of the video to the other party as soon as any final rulings are obtained from the Court and the video editing has been completed and to provide the video and transcript of the proffered testimony to the other party for review by **7:00 p.m. CT** the day before it is to be shown to the jury.

c. Deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

d. If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party offering the errata must present the corresponding portions of the errata immediately after such deposition testimony is presented.

e. Deposition counter-designations will be counted against the designator's time. If the parties disagree as to the time allocation for any designations and counter-designations, including based on any optional completeness objections, the parties agree to raise the issue with the Court in advance of the deposition being presented to the jury. The designations and counter-designations must be presented in the order they appear in the transcript.

f. Colloquy between counsel and objections will be eliminated when the deposition is played by video.

g. In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

h. Nothing in this provision shall preclude a party from using deposition testimony at trial for purposes of impeachment. However, nothing in this provision is intended to expand the scope of proper impeachment of a witness.

55. **Demonstratives:**

a. AMRH's demonstrative exhibits will be identified by numbers prefixed with "PDX." Samsung's demonstrative exhibits will be identified by numbers prefixed with "DDX."

b. A party will provide demonstrative exhibits to be used in connection with direct examination, including indicating with which witness the demonstrative exhibits will be used, by **7:00 p.m. CT** the day before their intended use, and objections will be provided no later than **8:00 p.m. CT** the day before their intended use. The parties are to meet and confer to resolve any objections at **8:30 p.m. CT** the day before the demonstrative exhibits' intended use. For all demonstrative exhibits used in connection with direct examination on the first day of trial, a party will provide those demonstrative exhibits by **3:00 p.m. CT** the day before trial, and objections will be provided no later than **5:00 p.m. CT** the day before trial. The parties are to meet and confer to resolve any objections at **6:00 p.m. CT** the day before trial. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention the next morning prior to any witnesses being called to the witness stand. For any demonstrative slides used with a witness on direct, the party directing the witness shall provide a paper copy of the final slides to opposing counsel when beginning the examination.

c. If any of the demonstrative exhibits change after they have been provided to the opposing party, except non-substantive, typographical-only type edits, the party intending to use the demonstrative exhibit will promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the changes before the demonstrative exhibits are presented to the jury.

d. Where a demonstrative exhibit refers to information found in a trial exhibit, the party offering the demonstrative exhibit shall disclose to the other party all trial exhibits that form the basis of the demonstrative exhibit at the same time the party discloses the demonstrative exhibit.

e. The party seeking to use demonstrative exhibits will provide a color representation of the demonstrative exhibits to the other side in PDF form. However, for video animations, the party seeking to use the demonstrative exhibit will provide it to the other side electronically via a secure file share or other similar method. Physical demonstrative exhibits must be identified in writing with specificity by the **7:00 p.m. CT** deadline and, upon request, make it available for inspection no later than the **8:00 p.m. CT** deadline for objections.

16

f.  This provision does not apply to demonstrative exhibits created during testimony, demonstrative exhibits created live in Court, or demonstrative exhibits to be used for cross examination, none of which need to be provided to the other side in advance of their use.

[AMRH Proposes:] If a Party calls a witness on adverse direct examination, neither side needs to exchange demonstrative exhibits for that witness, for either the adverse direct examination or friendly cross-examination.

[Samsung Proposes:] Parties must disclose and exchange in advance all demonstratives used for direct examination, including adverse examination of the other side's witnesses, but not demonstratives used for cross-examination, even if that "cross"-examination is a friendly examination of its own side's witnesses after the witness has been called adversely on direct.

56. **Opening Statement:**

a.  The parties will exchange demonstratives to be used in opening statements by **3:00 p.m. CT** the day before opening statements. The parties will provide any objections to such demonstratives by **5:00 p.m. CT** on the day before opening statements. The parties are to meet and confer to resolve any objections to the demonstratives for opening statements at **6:00 p.m. CT** the day before opening statements. If good faith efforts to resolve objections to demonstratives to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention on the morning of opening statements.

b.  This provision does not apply to demonstrative exhibits created during opening statements, which do not need to be provided to the other side in advance of their use.

c.  No party can use any of the other party's disclosed demonstratives in its opening statement presentation before the disclosing party has used it in its own opening statement.

d.  The parties agree that any exhibit listed on the joint exhibit list or either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

e.  The parties agree that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits, including the exhibit lists exchanged for pretrial disclosures and the final joint and party exhibit lists. The parties otherwise reserve all rights to object to any demonstrative exhibit.

57. **Closing Argument:**

████████████████████████████████

    a. The parties will not exchange demonstratives to be used in closing, except that a courtesy, paper copy should be exchanged before the party begins closing argument.

**58. <u>Exhibits:</u>**

    a. Joint trial exhibits will be identified by numbers prefixed by "JTX." AMRH's trial exhibits will be identified by numbers prefixed with "PTX." Samsung's trial exhibits will be identified by numbers prefixed with "DTX." All exhibits will contain an exhibit stamp on the bottom right corner of the first page, consisting of the following information: the case number, exhibit number, and whether the exhibit is Plaintiff's Exhibit, Defendants' Exhibit, or a Joint Exhibit. All exhibits will contain a page label located at the center footer of every page consisting of the exhibit no. and page no. in the following format: JTXnnn-nnnn, PTXnnn-nnnn, or DTXnnn-nnnn.

    b. A party will provide a list of exhibits to be used in connection with direct examination (whether live or by deposition), including indicating with which witness the exhibit will be used, by **7:00 p.m. CT** the day before their intended use, and objections will be provided no later than **8:00 p.m. CT** the day before their intended use. The parties are to meet and confer to resolve any objections at **8:30 p.m. CT** the day before the exhibits' intended use. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand. For all exhibits used in connection with direct examination on the first day of trial, a party will provide that list of exhibits by **7:00 p.m. CT** the day before trial, and objections will be provided no later than **8:00 p.m. CT** the day before trial. The parties are to meet and confer to resolve any objections at **8:30 p.m. CT** the day before trial.

    c. If an exhibit has been preadmitted or otherwise used before the jury, it does not have to be disclosed for use with witnesses on direct examination.

    d. Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. The parties' exhibit lists and the joint exhibit list include exhibits that may not necessarily be introduced into evidence. A party's failure to introduce any exhibit appearing on its list or the joint list shall not be commented on during trial except that a comment may be made if the exhibit was used in opening and then not explained to the jury by a witness at trial.

    e. The parties agree that they will not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross examination. Documents, deposition transcripts, trial transcripts, or portions thereof, or other items, not specifically identified on the parties' exhibit lists or offered into evidence, may still be used at trial for purposes of cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

████████████████████████

f.  A legible copy of an exhibit may be offered and received into evidence in lieu of the original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

g.  Legible copies of U.S. patents, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

h.  For exhibits that are Excel spreadsheets, PowerPoint presentations, images, video files, or other electronic files, the parties may use electronic versions of such exhibits in their native format.

i.  None of the exhibit lists (including the joint list and each party's list) nor any portion thereof is admissible or may be presented to the jury without leave of Court. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

j.  The parties will use their best efforts to ensure that only one version of a copy of a document is admitted into evidence. The parties agree that other versions of exhibits listed in the parties' exhibit lists that have been produced, cited, considered, or marked during the course of this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

k.  If a party provides a binder of exhibits to a witness prior to examination, the party will provide one copy to the other party.

**59. <u>Handling of Confidential Material and Source Code:</u>**

a.  The parties agree to request that the courtroom be sealed when a party's or non-party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information, is expected to be presented.  The Protective Order in this case (Dkt. 34) applies to all sealed pre-trial and trial proceedings (i.e., all provisions and obligations of the Protective Order apply to all individuals attending the sealed proceedings, including corporate representatives). The inadvertent failure to request sealing shall not be deemed a waiver of any confidentiality over the information displayed nor shall it be considered a violation of the Protective Order.

60. **<u>Shared Electronic Versions of Displays:</u>**

a.  The parties agree to provide electronic PDF versions of demonstratives displayed to the jury as soon practicable.

61. **<u>Notice of Intent to Rest:</u>**

a. A party will provide to the Court and the other party a good-faith notice that it expects to rest by **5:00 p.m. CT** or before leaving court, whichever is later, the day before that party expects to rest and a good-faith estimate of how much additional trial time the party expects to use before resting.

62. **Motions:**

a. All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.

63. **Juror Notebooks:**

a. The parties agree that jurors shall be permitted to take handwritten notes in the provided Juror Notebooks during the presentations of the parties and that jurors be permitted to bring these notes into the deliberation room. The parties propose that jurors be instructed not to exchange or share their notes with other jurors (though they may discuss the contents of their notes during deliberations) and that the juror's notes be collected by the clerk each evening after the jury has been excused, and collected and destroyed without review after the jury is discharged. Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the asserted patents), a legal pad, a non-clicking pen, and a highlighter will be delivered to the Court by AMRH before jury selection. Samsung will provide images of its own witnesses. Both parties must agree on the content of the juror notebooks before they are delivered to the Court and will arrange a time for inspection.

64. The parties request that during the pendency of the trial, counsel be permitted to move, and the Court admit if appropriate, evidence following use of the evidence, to the extent not admitted at the time of use. To clarify, this provision shall apply only to trial exhibits, properly admissible under the Federal Rules of Evidence, and about which a witness has referenced and specifically provided testimony and which were disclosed to the other side prior to such testimony pursuant to the stipulations above.

65. The parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies.  For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross examine that witness.

66. The parties will share any courtroom audio-visual equipment.

67. Samsung expects that one or more witnesses will testify live in a language other than English. The parties continue to work on an agreement as to the trial interpreter. The interpreter shall be a certified interpreter jointly agreed to by the parties who has not been involved in trial witness preparation for either side. To the extent the parties do not agree, the interpreter should not have been hired previously by either party or their law firms for this case.

68. The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day.

69. Fact witnesses will be sequestered so that they cannot hear other witnesses' testimony pursuant to Federal Rule of Evidence 615. This stipulation does not apply to a party's corporate trial representative, expert witnesses, and also shall not apply during opening statements or closing argument.

**B.    Uncontested Facts**

70. AMRH is the valid assignee of each of the Asserted Patents and all rights thereto, including the right to claim damages for past infringement and including the right to bring this action.

71. The Asserted Patents have the following issuance and expiration dates:

| Patent | Issue Date | Expiration Date |
|--------|-----------|-----------------|
| 848 | 07/21/2020 | 05/26/2025 |
| 849 | 07/21/2020 | 05/26/2025 |
| 911 | 03/30/2021 | 05/26/2025 |

████████████████████████

## A.  CONTESTED ISSUES OF FACT AND LAW

72. Whether AMRH has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '848 Patent by making, using, selling, offering to sell and/or importing into the United States the Accused ACR Instrumentalities.

73. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '848 Patent are invalid because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101.

74. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '848 Patent are invalid as anticipated under 35 U.S.C. § 102.

75. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '848 Patent are invalid as obvious under 35 U.S.C. § 103.

76. Whether AMRH has proven, by a preponderance of the evidence, the amount of a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '848 Patent.

77. Whether AMRH has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '849 Patent by making, using, selling, offering to sell and/or importing into the United States the Accused ACR Instrumentalities.

78. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '849 Patent are invalid because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101.

79. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '849 Patent are invalid as anticipated under 35 U.S.C. § 102.

80. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '848 Patent are invalid as obvious under 35 U.S.C. § 103.

81. Whether AMRH has proven, by a preponderance of the evidence, the amount of a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '849 Patent.

82. Whether AMRH has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '911 Patent by making, using, selling, offering to sell and/or importing into the United States the Accused ACR Instrumentalities.

83. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '911 Patent are invalid because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101.

84. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '911 Patent are invalid as anticipated under 35 U.S.C. § 102.

85. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '911 Patent are invalid as obvious under 35 U.S.C. § 103.

86. Whether AMRH has proven, by a preponderance of the evidence, the amount of a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '911 Patent.

87.  If infringement of any of the Asserted Patents is found, whether AMRH is entitled to pre- or post-judgment interest, and if so, the total amount of such interest.

88. Whether AMRH has proven that it is entitled to costs.

89. Whether AMRH has proven that it is entitled to supplemental damages post-verdict.

90. Whether AMRH has proven that it is entitled to equitable relief.

█████████████████████████████

91. Whether AMRH is entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

92. Whether Samsung is entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

The foregoing shall not constitute a waiver by either Party of pending motions for dispositive relief which may moot one of the foregoing contested issues.

## VI.    LIST OF WITNESSES

### A.    For AMRH

AMRH's witness list is attached hereto as **Exhibit A**. Samsung's objections to AMRH's witness list is attached hereto as **Exhibit B**. AMRH's deposition designations, Samsung's objections and counter-designations, AMRH's objections to Samsung's counter-designations and AMRH's counter-counter designations are attached hereto as **Exhibit C**.

### B.    For Samsung

Samsung's witness list is attached hereto as **Exhibit D**.  AMRH's objections to Samsung's witness list is attached as **Exhibit E**.  Samsung's deposition designations, AMRH's objections and counter-designations, Samsung's objections to AMRH's counter-designations and Samsung's counter designations are attached as **Exhibit F**.

## VII.    LIST OF EXHIBITS

The parties' joint exhibit list is attached as **Exhibit G**.  AMRH's exhibit list, along with Samsung's objections, is attached as **Exhibit H**.  Samsung's exhibit list, along with AMRH's objections is attached as **Exhibit I**.  The parties continue to meet and confer to resolve objections to exhibits.

## VIII.    JURY INSTRUCTIONS AND VERDICT FORM

Attached as **Exhibit J** are the proposed jury instructions.

███████████████████████████

## IX.    VERDICT FORM

Attached as **Exhibit K** is the proposed verdict form.

## X.    LIST OF ANY PENDING MOTIONS

| | Date | Dkt | Party | Motion Title |
|---|---|---|---|---|
| 1 | 6/16/2025 | 124 | AMRH | Motion to Strike Portions of Benjamin Bederson's Expert Reports |
| 2 | 6/16/2025 | 125 | Samsung | Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 10,719,849 |
| 3 | 6/16/2025 | 127 | Samsung | Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 |
| 4 | 6/16/2025 | 128 | Samsung | Motion to Exclude the Opinions of Dr. Sam Malek Regarding Dependent Claims |
| 5 | 6/16/2025 | 129 | AMRH | Motion for Partial Summary Judgment Regarding Seet, Neumeier, and the Audio Patents |
| 6 | 6/16/2025 | 130 | AMRH | Motion for Partial Summary Judgment of Validity Under 35 U.S.C. § 101 |
| 7 | 6/16/2025 | 131 | AMRH | Motion to Exclude the Opinions of Mr. Roy Weinstein |
| 8 | 6/16/2025 | 132 | Samsung | Motion to Exclude the Apportionment-Related Opinions of Mr. W. Leo Hoarty |
| 9 | 7/28/2025 | 196 | AMRH | Motions *in Limine* |
| 10 | 7/28/2025 | 197 | Samsung | Motions *in Limine*<br><br>Samsung notes that as part of its Motions *in Limine*, Samsung seeks the Court's clarification regarding the scope of the Court's standing MILs 3, 6, 9, 13, and 23. The specific clarifications and Samsung's reasoning for seeking these clarifications can be found in its Motions *in Limine*. |

██████████████████████████

## B.  PROBABLE LENGTH OF TRIAL

The Parties estimate the probable length of the jury trial is 24 hours (exclusive of voir dire, opening, and closing), with 12 hours for each side. The Parties propose 30 minutes each for voir dire, 30 minutes each for opening statements, and 40 minutes each for closing statements, with AMRH being allowed to reserve no more than 15 minutes for rebuttal closing.

## XI.    ADDITIONAL DISPUTED MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE

AMRH request the Court issue a ruling that witness called on adverse direct (*e.g.*, if AMRH calls one of Samsung's fact witnesses or corporate representative adverse in AMRH's case-in-chief) that this be treated as a cross examination, and the disclosure requirements for cross-examination apply. For example, AMRH should not be required to give advance notice of the documents or exhibits it intends to question Samsung's witnesses on, no matter whether that witness is called adversely in AMRH's case or cross-examined in Samsung's case. If Samsung intends to direct an adverse-called witness, Samsung must disclose its demonstratives for that witness in advance, as it would with any of its own witnesses it calls in its case. In other words, the side with which a witness is aligned should determine disclosure obligations, not whose case in which the witness is called.

Samsung requests that the Court set a deadline by which AMRH must disclose to Samsung the damages demand AMRH will present at trial. AMRH's damages expert, Roy Weinstein, included 25 different damages calculations using different theories in his expert report.  To date, AMRH has not clarified which damages demand it will present at trial, but Samsung expects that AMRH will not present all 25 damages calculations. Samsung requests that AMRH be required to inform Samsung by August 29, 2025 the damages demand it will present so that Samsung can prepare to rebut that demand.

███████████████████████████████

AMRH disagrees with the characterization of Mr. Weinstein's damages models and further disagrees that an August 29, 2025, deadline to reduce the scope of damages theories is appropriate. It is not clear on what basis or authority Samsung seeks this limitation. However, AMRH has offered a potential framework for streamlining the presentation of damage models and damages-related expert testimony at trial, and the Parties are still conferring regarding the details.

To the extent AMRH's damages expert, Mr. Weinstein, intends to use the apportionment rate ███ calculated by AMRH's validity expert, Mr. Hoarty, Samsung requests that Mr. Hoarty be required to testify before Mr. Weinstein. Mr. Hoarty's apportionment rate comes from the Declaration of W. Leo Hoarty, which was filed as an appendix to Mr. Weinstein's expert report. Mr. Weinstein played no role in deriving or otherwise calculating this rate and is not qualified to explain the underlying methodology applied by Mr. Hoarty; therefore, any attempt by Mr. Weinstein to testify to his use of that rate would be inadmissible hearsay. Samsung therefore requests that the Court require Mr. Hoarty to testify before Mr. Weinstein if Mr. Weinstein intends to use the apportionment rate in support of his own damages opinions.

AMRH objects to Samsung's request to dictate AMRH's trial presentation and order of witnesses. Again, it is not clear on what basis or authority Samsung seeks this requirement. Presentation of expert testimony at trial, on both sides, should be governed by the Rules of Evidence, the Rules of Civil Procedure, and the rules and practices of this Court.

## XII.    CERTIFICATIONS

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

████████████████████████████

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the List of Exhibits herein:

   a)     is in existence;

   b)     is numbered; and

   c)     has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Dated August 11, 2025:                        Respectfully submitted,

*/s/ Jason McManis*                           */s/ Robert W. Unikel (with permission)*

| | |
|---|---|
| Jason McManis | Robert W. Unikel |
| State Bar No.: 24088032 | robertunikel@paulhastings.com |
| Weining Bai | Daniel J. Blake (*pro hac vice*) |
| State Bar No.: 24101477 | danielblake@paulhastings.com |
| Sujeeth Rajavolu | Grayson Cornwell (*pro hac vice*) |
| State Bar No.: 24127961 | graysoncornwell@paulhastings.com |
| Louis Liao | PAUL HASTINGS LLP |
| State Bar No.: 24109471 | 71 South Wacker Drive, Forty-Fifth Floor |
| Hailey Pulman | Chicago, IL 60606 |
| State Bar No.: 24121469 | Telephone: (312) 499-6000 |
| Chun Deng | Facsimile: (312) 499-6100 |
| State Bar No.: 24133178 | |
| Ab Henry | Allan M. Soobert |
| State Bar No.: 24131987 | allansoobert@paulhastings.com |
| Michael Killingsworth | James V. Razick (*pro hac vice*) |
| State Bar No.: 24110089 | jamesrazick@paulhastings.com |
| **AHMAD, ZAVITSANOS & MENSING, PLLC** | David Valente (*pro hac vice*) |
| 1221 McKinney Street, Suite 2500 | davidvalente@paulhastings.com |
| Houston, Texas 77010 | Jason Mikus (*pro hac vice*) |
| (713) 655-1101 | jasonmikus@paulhastings.com |
| jmcmanis@azalaw.com | Kevin Stewart (*pro hac vice*) |
| wbai@azalaw.com | kevinstewart@paulhastings.com |
| srajavolu@azalaw.com | PAUL HASTINGS LLP |
| lliao@azalaw.com | 2050 M Street NW |
| hpulman@azalaw.com | Washington, D.C. 20036 |

cdeng@azalaw.com
ahenry@azalaw.com
mkillingsworth@azalaw.com

Warren J. McCarty III
State Bar No.: 24107857
**The McCarty Firm, P.C.**
100 Crescent Ct., Floor 7
Dallas, TX 75201
Phone: (214) 459-3196
wmccarty@mccartyfirm.com

*Of Counsel:*

Andrea L. Fair
Texas Bar No. 24078488
andrea@ millerfairhenry.com
Garrett Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: 903-757-6400
Fax: 903-757-2323

**COUNSEL FOR PLAINTIFF**

Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Matthias A. Kamber
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street Forty-Eighth Floor
San Francisco, CA.94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
Andrea Pallios Roberts
andrearoberts@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA.94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Elizabeth L. Brann
elizabethbrann@paulhastings.com
Ariell N. Bratton
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA  92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc***

29

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on August 11, 2025. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Jason McManis*
Jason McManis

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that I conferred with opposing counsel regarding the above-mentioned Joint Pretrial Order on August 11, 2025.

*/s/ Jason McManis*
Jason McManis

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter

*/s/ Jason McManis*
Jason McManis