# EXHIBIT J

N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 2:23-cv-00439 |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., | § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § § | |

**PROPOSED JURY INSTRUCTIONS[1]**

**INSTRUCTIONS AT CLOSE OF EVIDENCE**

**INTRODUCTION[2]**

Ladies and Gentlemen of the Jury:

You have now heard the evidence in this case, and I will now instruct you on the law that

you must apply.

Each of you will have your own printed copy of these final jury instructions that I am

about to give you orally. You will have these instructions for your review when you retire to

---

[1] Submissions that are agreed to by both AMRH and Samsung are not highlighted. Submissions proposed by AMRH that are not agreed to by Samsung are highlighted in green. Submissions proposed by Samsung that are not agreed to by AMRH are highlighted in yellow. The parties have entered their objections, explanations, citations, and commentary in footnotes only.

[2] Authority: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); Adapted from Trial Tr., *Whirlpool Corp. v. TST Water, LLC*, No. 2:15-cv-01528-JRG (E.D. Tex. Mar. 23, 2017), ECF No. 166; *TQ Delta, LLC v. CommScope Holding Co.*, No. 2:21-cv-00310-JRG, Final Jury Instructions, Dkt. No. 534, Tr. 21:14-73:13 (E.D. Tex. Mar. 24, 2023).

deliberate in a few minutes. Accordingly, there's really no need for you to take notes unless you particularly want to do so.[3]

It is your duty to follow the law as I give it to you. On the other hand, as I have said previously, you, the jury, are the sole judges of the facts in this case. Do not consider any statement that I have made in the course of the trial or may make in the course of these instructions as an indication that I have any opinion about the facts in this case.

You are about to hear closing arguments from the attorneys for both of the parties. Statements and arguments of the attorneys are not evidence, and they are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

A verdict form has been prepared for you. You will take this verdict form with you to the jury room, and when you have reached a unanimous decision or agreement as to all answered questions as part of your verdict, you will have your foreperson fill in the blanks in the verdict form, date it, and sign it.

Answer each question as directed in the verdict form from the facts as you find them to be. Do not decide who you think should win the case and then answer the questions to reach that result. Again, your answers and your verdict must be unanimous.

In determining whether any fact has been proven in this case, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and you may consider all the exhibits received and admitted into evidence, regardless of who

---

[3] Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).

may have produced or presented them. Some of the testimony you heard was translated from Korean. In consideration of a witness's testimony, it is not relevant whether his or her testimony was in English or translated from Korean into English. You should consider the translated testimony in the same way that you would consider testimony given in English. You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all of the evidence.[4]

Now, in deciding the facts in this case, you may have to decide which testimony to believe and which testimony to not believe. You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider a witness's manner and demeanor on the witness stand, any feelings or interest they may have in the case, any prejudice or bias about the case that the witness may have, and the consistency or inconsistency of their testimony, considered in light of the circumstances.[5] Has the witness been contradicted by other evidence? Has he or she made statements at other times and places contrary to what he or she said on the witness stand?  You must give the testimony of each witness the amount of credibility and weight that you think it deserves. You must keep in mind, ladies and gentlemen, that a simple mistake does not mean that a witness is not telling the truth.

You must consider whether any misstatement was an intentional falsehood or a simple lapse of memory and what significance could be attached to that testimony.

---

[4] Authority: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:19-cv-00347-JRG (E.D. Tex May 19, 2021) (Final Jury Instructions).
[5] Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

Now, unless I instruct you otherwise, you may properly determine that the testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all of the evidence you believe that single witness.

As I have told you previously, the attorneys in this case are acting as advocates for their competing parties and their competing claims, and they have a duty to object when they believe evidence is offered that should not be admitted under the rules of this Court.

When the Court has sustained an objection to a question addressed to a witness, you must disregard the question entirely, and you may not draw any inferences from its wording or speculate about what the witness would have said if I had permitted them to answer the question. If, on the other hand, the objection was overruled, then you are to treat the answer to the question and the question itself just as if no objection had been made; that is, like any other question and answer. By allowing testimony or other evidence to be introduced over the objection of an attorney, the Court did not indicate any opinion as to the weight or effect of such evidence.

At times during the trial, it was necessary for the Court to talk to the lawyers here at the bench or outside of your hearing at the bench, or by calling a recess and talking to them while you were outside of the courtroom.[6] This happens because during a trial, there are things that sometimes come up that do not involve the jury. You should not speculate about what was said during such discussions that took place outside of your presence.

During the course of the trial, you may have been shown documents with some portions of those documents redacted. In those situations, you should not speculate about what may have

---

[6] Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

been redacted or why it was redacted. Those redactions were approved by the Court prior to when the trial began.[7]

Certain testimony in the case has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked to a witness in advance of the trial. If a witness cannot be present to testify in person or if the rules of procedure otherwise permit, then the witness's testimony may be presented under oath in the form of a deposition. Before the trial began, the attorneys representing the parties in this case questioned these deposition witnesses under oath. At that time, a court reporter was present and recorded their sworn testimony. Deposition testimony is entitled to the same consideration by you, the jury, as testimony given by a witness in person from the witness stand in open court. Accordingly, you should judge the credibility and importance of the deposition testimony to the best of your ability, just as if the witness had testified before you from the witness stand in open court.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of common experience.

In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and the evidence in this case. However, you should not base your decisions on any evidence not presented by the parties in open court during the trial of this case, including your own personal experiences with any particular products that are at issue in this case.

---

[7] Authority: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions).

There are two types of evidence that you may consider in properly finding the truth as to the facts in this case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence; that is, the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you, the jury, find the facts based on the evidence presented, both direct and circumstantial.

The Parties have stipulated or agreed to some facts in the case. When the lawyers for both sides stipulate as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard the fact as proven.

Certain exhibits shown to you during the trial were illustrations. We call these types of exhibits "demonstrative exhibits" or "demonstratives." Demonstrative exhibits are a party's picture, illustration, or model to describe something involved in this trial. If your recollection of the evidence differs from the demonstrative exhibit, rely on your recollection. The demonstrative is not evidence, but the witness's testimony during which they use the demonstrative is evidence. Demonstrative exhibits will not be available for you to view during your deliberations.[8]

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training and experience in that technical field, called an expert witness, is permitted to state his or her opinion on those technical matters to the jury. However, you are not required to

---

[8] Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

accept that opinion. As with any other witness, it is solely up to you to decide whether to rely upon it or not.[9]

Any patent holder has the right to file a suit in a United States District Court, and the right to a trial by jury, if it believes its patent rights are being infringed. However, you should make no inference from the fact that a suit was filed or brought to trial. [You are to consider this suit as a dispute between two parties of equal worth and standing in the community,[10] / A patent owner is entitled to protect his rights under the laws of the United States, which includes bringing suit in a United States District Court for money damages for infringement. A defendant is equally entitled to defend itself under the laws of the United States, and this includes bringing any or all of its available defenses under the law in a United States District Court in which it is being sued.[11] You are to consider this suit as a dispute between two equal parties] and render your verdict based solely on the evidence presented in the trial.[12]

In any legal action, facts must be proven by a required amount of evidence known as the "burden of proof." The burden of proof in this case is on AMRH for some issues and on Samsung for other issues. There are two burdens of proof that you will apply in this case: "preponderance of the evidence" and "clear and convincing evidence." [13]

---

[9] Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[10] Samsung: Authority: *TQ Delta, LLC v. CommScope Holding Co.*, No. 2:21-cv-00310-JRG, Final Jury Instructions, Dkt. No. 534, Tr. 126:17-21 (E.D. Tex. Mar. 24, 2023).

[11] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[12] Samsung: Authority: Section 3.6, Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. 6/2020).

[13] Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

AMRH has the burden of proving patent infringement by a preponderance of the evidence. AMRH also has the burden of proving damages for any patent infringement by a preponderance of the evidence. A preponderance of the evidence means evidence that persuades you that a claim is more probably true than not true. Sometimes this is talked about as being the greater weight and degree of credible testimony.

Samsung has the burden of proving patent invalidity by clear and convincing evidence. Clear and convincing evidence means evidence that produces in your mind a clear conviction that the truth of the party's factual contentions is highly probable. Although proof to an absolute certainty is not required, the clear and convincing evidence standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard.[14] If proof establishes in your mind an abiding conviction in the truth of the matter, then the clear and convincing evidence standard has been met.[15]

Now, these two burdens of proof are not to be confused with a third altogether different burden of proof known as beyond a reasonable doubt, which is the burden of proof applied in a criminal case. It has no application in a civil case such as this. Beyond a reasonable doubt is a higher standard than clear and convincing evidence, and the clear and convincing evidence standard is higher than the preponderance of the evidence standard.[16]

In determining whether any fact has been proved by a preponderance of the evidence or by clear and convincing evidence, you may, unless otherwise instructed, consider the

---

[14]  Authority: Trial Tr., *KAIST IP US LLC, v. Samsung Elecs. Co.*, No. 2:16-cv-1314-JRG-RSP (E.D. Tex. June 15, 2018). ECF No 498.

[15] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); Section B.4.1 Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).

[16] Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

stipulations, the testimony of all the witnesses, regardless of who called them, and all the exhibits

received into evidence during the trial, regardless of who may have produced them.

## CONTENTIONS OF THE PARTIES[17]

As I did at the beginning of the case, I will give you a summary of each side's

contentions, and then I will provide you with detailed instructions on what each side must prove

to win on each of its contentions.

As I told you previously, this case concerns three United States Patents asserted by

AMRH. AMRH's patents are U.S. Patent Nos. 10,719,848; 10,719,849; and 10,963,911, which

you have consistently heard referred to throughout the trial as the '848, '849, and '911 patents. I

will refer to them as the "Patents-in-Suit." I may also refer to them as the "Asserted Patents."

AMRH [seeks money damages from Samsung for allegedly infringing the patents-in-suit,

/ AMRH contends that Samsung has infringed the Patents-in-Suit] by making, using, importing,

selling, and/or offering to sell in the United States [products relating to Samsung Ads' use of

fingerprinting-based automatic content recognition ("ACR") / the Samsung Automatic Content

Recognition or ("ACR") System]. Sometimes in these instructions I will refer to the system

accused of infringement as the "Samsung ACR System" or just the "Accused System."[18] AMRH

contends that the Accused System infringes the following claims:

Claims 1-6 and 9-14 of the '848 Patent;

Claims 1-3 and 5-13 of the '849 Patent; and

---

[17] Samsung: Authority: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG
(E.D. Tex) (Final Jury Instructions); *TQ Delta, LLC v. CommScope Holding Co.*, No. 2:21-cv-
00310-JRG, Final Jury Instructions, Dkt. No. 534, Tr. 21:14-73:13 (E.D. Tex. Mar. 24, 2023); *G+
Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury
Instructions).
[18] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D.
Tex. July 2025) (Final Jury Instructions).

Claims 1, 5-7, 9-13, and 17 of the '911 Patent.

These claims are sometimes referred to as the "Asserted Claims." AMRH contends that the Accused System infringes the asserted claims. AMRH contends that it is entitled to money damages in the form of a lump sum[19] reasonable royalty for Samsung's alleged infringement. AMRH has the burden to prove these issues by a preponderance of evidence.[20]

Samsung denies that the Accused System infringe the Asserted Claims of the '848, '849, and '911 patents. Samsung denies it owes AMRH any damages in this case.

Samsung further contends that the asserted claims of the '848, '849, and '911 patents are invalid, because they are obvious and/or directed to ineligible subject matter.[21] Samsung has the burden to prove invalidity by clear and convincing evidence.[22]

Invalidity is a defense to infringement. Invalidity and infringement, however, are separate and distinct issues. Your job is to decide whether Samsung has infringed any of the asserted claims and whether those claims are invalid. If you decide that any claim has been infringed and is not invalid, you will then need to decide the amount of money damages, if any, to be awarded to AMRH to compensate it for that infringement.[23]

### PERSON WITH ORDINARY SKILL IN THE ART[24]

---

[19] Samsung Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[20] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[21] Samsung: Authority: *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:19-cv-00152-JRG, Dkt. 354 (Final Jury Instructions) (E.D. Tex. Mar. 8, 2021).

[22] Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[23] Authority: *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:19-cv-00152-JRG, Dkt. 354 (Final Jury Instructions) (E.D. Tex. Mar. 8, 2021). *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:19-cv-00347-JRG (E.D. Tex. May 19, 2021) (Final Jury Instructions).

[24] Samsung: Authority: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-

Several times in my instructions, I will refer to a person of ordinary skill in the field of the invention, or a person of ordinary skill in the art.[25] It is up to you to decide the level of ordinary skill in the field of the invention.

In deciding the level of ordinary skill in the field, you should consider all of the evidence introduced at trial including but not limited to:

1.    the levels of education and experience of the inventors and other persons actively working in the field;[26]

2.    the types of problems encountered in the field;

3.    prior art solutions to those problems;

4.    the rapidity with which innovations are made; and

5.    the sophistication of the technology.

A person of ordinary skill in the art is a hypothetical person who is presumed to be aware of all of the relevant prior art at the time of the claimed invention.

### PATENT CLAIMS[27]

---

JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); Trial Tr., *Whirlpool Corp. v. TST Water, LLC*, No. 2:15-cv-01528-JRG (E.D. Tex. Mar. 23, 2017), ECF No. 166; *see* Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 4.3c.

[25] Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[26] <u>Authority</u>: *Vandenberg v. Dairy Equip. Co., a Div. of DEC Int'l*, 740 F.2d 1560 (Fed. Cir. 1984) ("Reference to the educational background and experience of those ***actively*** involved in the art is proper in determining the level of skill[.]" (emphasis added)); Federal Circuit Bar Association Instruction 4.3c(i). Modification made to match the language to FCBA model Instruction 4.3c(i). *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-00158-JRG, Dkt. No. 256 (E.D. Tex. June 18, 2012).

[27] <u>Authority</u>: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); Trial Tr., *Whirlpool Corp. v. TST Water, LLC*, No. 2:15-cv-01528-JRG (E.D. Tex. Mar. 23, 2017), ECF No. 166; Federal Circuit Bar Association Model Patent Jury Instructions (May 2020) at § 2.1; *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims."

The claims of a patent are the numbered sentences at the end of the patent. The claims define AMRH's rights under the law. The claims are important, because it is the words of the claims themselves that define what the patent covers. The figures and the text in the rest of the patent provide a description or examples of the invention, and they provide a context for the claims; but it is the claims themselves that define the patent's coverage. Therefore, what a patent covers depends, in turn, upon what each of its claims covers.

Each claim is effectively treated as if it were its own separate patent, and each claim may cover more or may cover less than any other claim. Therefore, what a patent covers collectively or as a whole depends on what each of its claims cover.

## CLAIM CONSTRUCTION[28]

You first need to understand what each claim covers in order to decide whether or not there is infringement of that claim and to decide whether or not the claim is invalid. And the first step is to understand the meaning of the words used in the patent claim. The law says that it is my role to define the terms of the claims, but it is your role to apply my definitions to the issues that you're asked to decide in this case.

---

[28] Samsung: <u>Authority</u>: Adapted from *TQ Delta, LLC v. CommScope Holding Co.*, No. 2:21-cv-00310-JRG, Final Jury Instructions, Dkt. No. 534, Vol. 1 Tr. 21:14-73:13 (E.D. Tex. Mar. 30, 2023); *see also Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-00463-JRG, Final Jury Instructions, Dkt. No. 478 at 1301:1-4 (E.D. Tex. Apr. 21, 2023); *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd. et al*, No. 2:19-cv-00347-JRG (E.D. Tex. May 19, 2021) (Final Jury Instructions); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions).

Accordingly, as I explained at the beginning of the case, I have determined the meaning of certain claim terms. I have provided the definitions of those claim terms in your jury notebooks. I incorporate those definitions by reference into my jury instructions. You must accept my definitions of these words in the claims as being correct, and it is your job to take these definitions that I have supplied and apply them to the issues that you are deciding, including the issues of infringement and invalidity.

Now, ladies and gentlemen, you should disregard any evidence presented at the trial that contradicts or is inconsistent with the constructions and the definitions that I have given you. And, again, these are in your juror notebooks.

For any particular claim limitations or terms that I have not construed—that is limitations that I have not defined or interpreted—you are to use the plain and ordinary meaning of that term as understood by one of ordinary skill in the art, which is to say, in the field of technology of the patent at the time of the alleged invention in light of the specification. The meanings of the words of the patent claims must be the same when deciding both the issues of infringement and invalidity.[29]

You have been provided with copies of each of the four asserted patents inside your juror notebooks and you may use them and refer to them during your deliberations.

## PATENT CLAIMS AND LIMITATIONS[30]

---

[29] AMRH Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[30] Samsung: Authority: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).

The claims are intended to define, in words, the boundaries of the inventor's rights. Only the claims of the patent can be infringed. Neither the written description, nor the drawings of a patent can be infringed. Each of the claims must be considered individually.

I will now explain how a claim defines what it covers. A claim sets forth, in words, a set of requirements in a single sentence. If a product, device, system, or method satisfies each of the requirements in that sentence, then it is covered by and infringes the claim. There can be several claims in a patent. A claim may be narrower or broader than any other claim by setting forth more or fewer requirements. The coverage of a patent is assessed on a claim-by claim basis.

In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations."

When a system meets all the requirements of a claim—*i.e.* the system meets all of the claim's limitations or all of the claim's elements—the claim is said to "cover" that system, and that system is said to "fall" within the scope of that claim. In other words, a claim covers a system where each of the claim elements or limitations is present in that product. If a system is missing even one limitation or element of a claim, the system is not covered by the claim. If the system is not covered by the claim, that system cannot infringe that claim.

This case involves two types of patent claims: independent claims and dependent claims. An independent claim does not refer to any other claim in the patent. An independent claim sets forth all the requirements that must be met in order to be covered by the claim. Thus, it is not necessary to look to any other claim to determine what an independent claim covers.

By contrast, a dependent claim does not by itself recite all the requirements of the claim but refers to another claim or claims for some of its requirements. In this way, the dependent claim "depends" on another claim.

14

A dependent claim incorporates all the requirements of the claim or claims to which it refers or depends, as well as the additional requirements set forth in the dependent claim itself. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim to which it refers or from which it depends. A system that meets all the requirements of both the dependent claim and the claim or claims to which it refers or depends upon is covered by, and thus infringes, that dependent claim.[31]

Taking the '848 Patent as an example, Claim 1 of the '848 Patent is an independent claim. Claim 2 of the '848 Patent is a dependent claim that refers back to independent Claim 1. Therefore, dependent Claim 2 includes all of the requirement of Claim 1 as well as all of the requirements of Claim 2.

## INFRINGEMENT[32]

I will now instruct you on infringement in more detail. If a person or corporation makes, uses, sells, or offers for sale within the United States or imports into the United States what is covered by a patent claim without the patent owner's permission, that person or corporation is said to infringe the patent.[33]

To determine whether there is infringement, keep in mind that only the claims of a patent can be infringed. You must compare the Asserted Patent Claims, as I have defined each of them,

---

[31] AMRH Authority: Section B2.1a Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).
Samsung Authority: Section B2.1a Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).

[32] Authority: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions);

[33] Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

to the Accused Instrumentalities. You should not compare the Accused Instrumentalities with any specific example set out in the patent or with the prior art in reaching your decision on infringement. In deciding infringement, the only correct comparison is between the Accused Instrumentalities and the limitations of the Asserted Claims as the Court has construed any claim language.[34]

You must reach your decision as to each assertion of infringement based on my instructions about the meaning and the scope of the claims, the legal requirements for infringement, and the evidence presented to you by both of the parties.

I will now instruct you on the specific rules that you must follow to determine whether AMRH has proven by a preponderance of the evidence that Samsung has infringed one or more of the Asserted Patent Claims involved in this case by making, using, selling, offering for sale, or importing the Accused Products within the United States.[35]

### DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT"[36]

In order to prove direct infringement by literal infringement, AMRH must prove by preponderance of the evidence, i.e., that it is more likely than not, that Samsung made, used, sold, offered for sale within, or imported into the United States a product or system that meets all

---

[34] Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[35] Authority: Section B.3.5 Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).
Samsung: <u>Authority</u>: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 3.1 Infringement Generally.

[36] Samsung: <u>Authority</u>: *Whirlpool Corp. v. TST Water, LLC*, Case No. 2:15-cv-01528-JRG, Dkt. 166 (E.D. Tex. Mar. 23, 2017); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 3.1a Direct Infringement By "Literal Infringement."

of the requirements of a claim and did so without the permission of AMRH during the time an

Asserted Patent was in force. You must compare the product or system with each and every one

of the requirements of a claim to determine whether all of the requirements of that claim are met.

A claim element is literally present if it exists in the accused product as it is described in

the claim language consistent with the claim construction I have given you or, if I did not give

you a claim construction, then according to its ordinary meaning as understood by one of

ordinary skill in the art.

You must determine whether or not there is infringement separately for each asserted

claim. If any element recited in a claim is not found in an accused product or system, then you

must find that particular product or system does not infringe that particular claim. But if an

accused product or system has each and every one of the claim limitations, infringement in that

claim is shown even if the product contains additional features or elements not required by the

claim. [37] [Similarly, an accused product or system may be found to infringe if it is reasonably

capable of satisfying the claim limitations, even though it may also be capable of non-infringing

modes of operation. However, a device does not infringe simply because it is possible to alter it

in a way that would satisfy all the limitations of a patent claim. If a defendant could not readily

activate the allegedly infringing functionality in an accused product, or if it could only infringe if

it modified an accused product to operate as recited in the asserted claim then it does not

infringe.[38]]

---

[37] Authority: *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-00463-JRG, Final Jury Instructions, Dkt. No. 478 at 1307:21-1308:3 (E.D. Tex. Apr. 21, 2023); *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd. et al*, No. 2:19-cv-00347-JRG (E.D. Tex. May 19, 2021) (Final Jury Instructions).
[38] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).
Samsung Position: Samsung objects to the inclusion of this language. But if AMRH's proposed language is adopted, Samsung proposes this additional language taken from *Daingean Tech.*

[Now, you must decide separately and for each asserted claim whether or not there is infringement. However, if / If] you find that an independent claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers or depends directly or indirectly from that independent claim.

On the other hand, if you find that an independent claim has been infringed, you must still decide separately whether the product meets the additional requirements of any dependent claim that depends upon or refers to that independent claim. As I have said, a dependent claim includes all the requirements of any of the claims to which it refers or depends, plus the additional requirements set forth in the dependent claim itself.

A patent can be directly infringed even if the alleged infringer did not have knowledge of the patent and without the infringer knowing that what it was doing infringes on the claim.[39]

## VALIDITY

I will now instruct you on the rules that you must follow in deciding whether or not Samsung has proven by clear and convincing evidence that the Asserted Claims of the patents are invalid.[40] Patent invalidity is a defense to patent infringement. Invalidity and infringement are separate and distinct issues that must be separately decided by you, the jury.

An issued United States patent is accorded a presumption of validity based on the presumption that the United States Patent and Trademark Office, which you have heard referred to throughout this trial as the "PTO" or "the Patent Office," acted correctly in issuing the patent. [However, that presumption of validity can be overcome if clear and convincing evidence is

---

[39] Authority: *Whirlpool Corp. v. TST Water, LLC*, Case No. 2:15-cv-01528-JRG, Dkt. 166 (E.D. Tex. Mar. 23, 2017); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).
[40] Authority: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).

presented in court that the patent is invalid. In fact, there may be facts or arguments that the PTO did not consider, such as prior art that was not located by the PTO or provided by the applicant[41] / This presumption of validity extends to all issued United States Patents. In order to overcome this presumption of validity, Samsung must establish by clear and convincing evidence presented in court that the Asserted Claims are invalid[42]]. Therefore, you the jury, must determine whether Samsung has proved that AMRH's Asserted Claims are invalid.[43]

Like infringement, invalidity is determined on a claim-by-claim basis. You must determine separately for each claim whether that claim is invalid. If one claim of a patent is invalid, this does not necessarily mean that any other claim is invalid. You must apply the claim language consistently and in the same manner for issues of infringement and for issues of invalidity. For many patents, the examination process before the issuance of the patent by the Patent Office is the only time that the Patent Office considers the validity of the application before the patent is issued, and there is the possibility that mistakes were made.[44]

**INVALIDITY – PRIOR ART[45]**

---

[41] Samsung: *See* The Patent Process: An Overview for Jurors, at 14:10-14:35 (https://www.youtube.com/watch?v=ax7QHQTbKQE).

[42] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[43] Authority: *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:19-cv-00152-JRG, Dkt. 354 (Final Jury Instructions) (E.D. Tex. Mar. 8, 2021); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).

[44] Samsung: Authority: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11468934, at *11 (E.D. Tex. Oct. 5, 2010) ("Defendants should be permitted to note, as does the Federal Judicial Center Video, that the PTO may make mistakes and that the jury has an independent role in assessing validity.").

[45] Samsung: Authority: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Optis Wireless Tech., LLC, et al. v. Apple Inc.*, 2:19-cv-00066-JRG, Trial Tr. 980 (Final Jury Instructions) (E.D. Tex. Aug. 10, 2020); Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 4.3a-3 Prior Art.

At times, you will hear me make references to the prior art.

A previous device, system, method, publication, patent, or patent application that predates the claimed invention is generally called a "prior art reference." Prior art may include items that were publicly known or that had been used or offered for sale, or references, such as publications or patents, that disclose the claimed invention or elements of the claimed invention. Prior art also includes the knowledge or use of an invention by a person of ordinary skill in the art in the United States [at / prior to] the [time / date] of invention.

Where Samsung is relying on prior art that was not considered by the PTO during examination, you may consider whether that prior art is significantly different and more relevant than the prior art that the PTO did consider. If you decide it is different and more relevant, you may weigh that prior art more heavily when considering whether the challenger has carried its clear-and-convincing burden of proving invalidity.[46]

In deciding validity, the only correct comparison is between the prior art and the limitations of the Asserted Claims. It is improper to compare the prior art to the Accused Instrumentalities.

## ANTICIPATION[47]

I will now instruct you on how to determine whether any of the Asserted Claims of any of the Asserted Patents are invalid as being anticipated. For someone to be entitled to a patent,

---

[46] Authority: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 4.3.b-1, 4.3.c(ii).

[47] Samsung: Authority: adapted from *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions)

the invention must actually be new. In general, inventions are not new when the identical product, method, or process has not been made, used, or disclosed before.[48]

 Samsung contends that the Asserted Claims of the '848 Patent are invalid because the claimed invention is not new. In other words, Samsung contends that the Asserted Claims are "anticipated" by the prior art. Anticipation requires that all of the requirements of a patent claim be disclosed in a single prior art reference. Also, the single prior art reference must disclose each and all of the elements of the claim arranged or combined in the same way as in the claim has been construed or interpreted by the Court. Samsung must prove by clear and convincing evidence that an Asserted Patent Claims were anticipated by the prior art reference. Anticipation must be determined on a claim-by-claim basis.

 To anticipate the invention, the prior art does not have to use the same words as the claim, but all of the requirements of the claim must have been disclosed, either expressly or implied, to a person having ordinary skill in the art in the technology of the invention, so that looking at that one prior art reference, that person could make and use the claimed invention. An item of prior art may anticipate without explicitly disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference. Keep in mind that Samsung may not establish anticipation by arguing that the Accused Instrumentalities practice the prior art, or by comparing the Accused Instrumentalities to a prior art reference.[49]

<b>OBVIOUSNESS</b>

---

[48] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).
[49] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

Samsung contends in this case that the asserted claims of the '848, '849, and '911 patents are invalid as obvious. I will now instruct you on how to determine whether an Asserted Claim is invalid as obvious.

Even though an invention may not have been identically disclosed or identically described in a single prior art reference before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology to which the claimed invention pertains at the time the invention was made.[50] Samsung may establish that a patent claim is invalid by proving, by clear and convincing evidence, that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the invention was made in the field of [fingerprinting based automatic content recognition / the invention].

In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field of the invention that someone would have had at the time the invention was made, the scope and content of the prior art, and any differences between the prior art and the claimed invention. Do not use hindsight; consider only what was known at the time of the invention. In other words, you should not consider what a person of ordinary skill in the art would know now or what has been learned from the teachings of the Asserted Patent.[51]

Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most, if not all, inventions rely on the building

---

[50] Authority: Section B.4.3c Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).
[51] AMRH Authority: Section B.4.3c Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

blocks of prior art. Now, in determining whether the patent is invalid because of obviousness, you must consider the scope and content of the prior art as a whole, the differences between the prior art and the claimed invention and the level of ordinary skill in the art.[52]

In considering whether a claimed invention was obvious, you [should consider whether / may but are not required to find obviousness if], as of the effective priority date of the Asserted Patent, there was a reason that would have prompted a person of ordinary skill in the field to combine the known elements in a way that the claimed invention does, taking into account facts such as:

1.  whether the claimed invention was merely the predictable result of using prior art elements according to their known function;

2.  whether the claimed invention provides an obvious solution to a known problem in the relevant field;

3.  whether the prior art teaches or suggests the desirability of combining elements in the claimed invention, such as where there is a motivation to combine;

4.  whether the prior art teaches away from combining elements in the claimed invention;

5.  whether it would have been obvious to try the combinations of elements in the claimed invention, such as where there is a design need or market pressure to

---

[52] Samsung: Authority: 35 U.S.C. § 103; Trial Tr., *Whirlpool Corp v. TST Water, LLC,* No. 2:15-cv-01528-JRG, Dkt. 166 (E.D. Tex. Mar. 23, 2017); ECF No. 166; Trial Tr., *KAIST IP US LLC, v. Samsung Elecs. Co,*, No. 2:16-cv-1314-JRG-RSP (E.D. Tex. June 15, 2018), ECF No. 498; *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions). Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 4.3.c.

solve a problem and there are a finite number of identified, predictable solutions; and

6.  whether the [combination was prompted[53] / change resulted[54]] by design incentives or other market forces.

To find the invention obvious, you must find that the prior art provided a person of ordinary skill in the art would have had a reasonable expectation of success in combining the teachings of the prior art to result in the claimed invention.[55]

In making these determinations, a person of ordinary skill uses simple common sense and can rely upon the inferences and creative steps that a person of ordinary skill in the art would employ. Prior art is not limited to the patents and published materials, but includes the general knowledge that would have been available at the time to one of ordinary skill in the field of the invention. Also, Samsung does not need to show that one of ordinary skill would actually have combined the physical structures of two references. [It need only be / , as long as it would have been] obvious to a person of ordinary skill in the art to combine the teachings [at the time of the invention[56]]. In determining whether the claimed invention was obvious, do not use hindsight. In

---

[53] Samsung: <u>Authority</u>: 35 U.S.C. § 103; *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); Trial Tr., *Whirlpool Corp v. TST Water, LLC,* No. 2:15-cv-01528-JRG, Dkt. 166 (E.D. Tex. Mar. 23, 2017); ECF No. 166; Trial Tr., *KAIST IP US LLC, v. Samsung Elecs. Co,*, No. 2:16-cv-1314-JRG-RSP (E.D. Tex. June 15, 2018), ECF No. 498. Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 4.3.c.

[54] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[55] Samsung: <u>Authority</u>: *G+ Commc'ns v. Samsung Elecs Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Eli Lilly & Co. v. Teva Pharms. Int'l GmbH*, 8 F.4th 1331, 1339 (Fed. Cir. 2021).

[56] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

other words, you should only consider what a person of ordinary skill in the art would know at the time of the Asserted Patent's priority date.[57]

In making these assessments, you [must also take into / should] account for any objective evidence, sometimes called secondary considerations, that may have existed at the time of the invention and afterwards that may shed light on whether or not the claimed invention is obvious[, such as: / . The following are possible secondary considerations, but it is up to you to decide whether secondary considerations of non-obviousness exist at all:[58]]

1.    whether the invention was commercially successful as a result of the merits of the claimed invention (rather than the result of design needs or market-pressure advertising or similar activities);

2.    whether the invention satisfied a long-felt need;

3.    whether others had tried and failed to make the claimed invention;

4.    whether others invented the claimed invention at roughly the same time;

5.    whether others copied the claimed invention;

6.    whether there were changes or related technologies or market needs contemporaneous with the claimed invention;

7.    whether the invention achieved unexpected and superior[59] results;[60]

8.    whether others in the field praised the invention;

---

[57] Samsung: Authority: KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 418 (2007); DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co., 464 F.3d 1356, 1365 (Fed. Cir. 2006).
[58] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).
[59] Samsung: Authority: *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1346 (Fed. Cir. 2012).
[60] AMRH Authority: Section 4.3.c Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).

9.      whether persons having ordinary skill in the art of the invention expressed

surprise or disbelief regarding the claimed invention;

10.     whether others sought or obtained rights to the patent from the patent holder; and

11.     whether the inventor proceeded contrary to accepted wisdom in the field.[61]

In determining whether the claimed invention was obvious, consider each claim

separately, but understand that if a dependent claim is obvious, then the claims from which it

depends are necessarily obvious as well.[62]

For commercial success or any other secondary consideration to be evidence non-

obviousness, there must be a nexus between the patented features of the invention and the

commercial success of the device. AMRH has the burden of establishing this connection or

"nexus."

In support of obviousness, you may also consider whether others independently invented

the claimed invention before or at about the same time the named inventor thought of it.[63]

---

[61] Authority: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 4.3.c.
[62] Authority: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 4.3c.

[63] Authority: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373-74 (Fed. Cir. 2019); *Mass Engineered Designs, Inc. v. Ergotron, Inc.,* Case No. 06-cv-272-LED, Final Jury Instructions, Dkt. 658 (E.D. Tex. Nov. 19, 2008); Adapted from *TQ Delta, LLC v. CommScope Holding Co.*, No. 2:21-cv-00310-JRG, Final Jury Instructions, Dkt. No. 534, Vol. 1 Tr. 21:14-73:13 (E.D. Tex. Mar. 30, 2023).

## SUBJECT MATTER ELIGIBILITY [64, 65]

I will now instruct you about the rules to follow in deciding whether or not Samsung has proven by clear and convincing evidence that any of the asserted claims of the '848, '849, and '911 patents are ineligible for patent protection. Patent ineligibility is a defense to infringement. Thus, Samsung has the burden to prove patent ineligibility by clear and convincing evidence.

You should consider all the evidence presented during the trial, including the testimony of the witnesses as well as the exhibits introduced, including the specifications of the '848, '849, and '911 patents. If the evidence shows by clear and convincing evidence that the elements of any of the asserted claims, when taken individually or when taken as an ordered combination, involve only technology which a person of ordinary skill in the art would have considered well understood, routine, [or / and] conventional, then that asserted claim is patent ineligible.[66]

To succeed on its claims for patent ineligibility, Samsung must establish two things. The first is whether or not the claims are directed to an abstract idea. [The Court has already decided that the claims are directed to the abstract idea of [ABSTRACT IDEA][67] / That issue is an issue

---

[64] Samsung: <u>Authority</u>: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Infernal Tech., LLC v. Sony Interactive Entm't, LLC*, No. 2:19-cv-248-JRG, Dkt. 355 (Trial Transcript, Vol. 4) at 33:17-35:6 (E.D. Tex. Oct. 7, 2021).

[65] AMRH maintains this instruction is not necessary because the Asserted Claims and Asserted Patents are patent-eligible under § 101 as a matter of law. *See* Dkt. 130. To the extent a jury instruction becomes necessary, AMRH proposes the following revisions.

[65] AMRH maintains this instruction is not necessary because the Asserted Claims and Asserted Patents are patent-eligible under § 101 as a matter of law. *See* Dkt. 130. To the extent a jury instruction becomes necessary, AMRH proposes the following revisions.

[66] AMRH Authority: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).

[67] Samsung: <u>Authority</u>: *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1380 n. 11 (Fed. Cir. 2025) (quoting *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018)).

for the Court to decide and not the jury. I will make that determination after this trial is over. It is not something that you will decide.[68]]

However, you, the jury, will decide the second issue related to patent eligibility. Specifically, Samsung must show that the claim's inventive concept involved nothing more than the performance of activities which a person of ordinary skill in the art would have considered to be well-understood, routine, [or / and] conventional [for / at] the [priority date of each of / time] the [asserted patents / invention was made[69]]. You, the jury, will determine this issue.

The mere fact that something was known in the art at the time does not necessarily mean that it was well-understood, routine, [or / and] conventional and therefore lacked an inventive concept.[70] Rather, ladies and gentlemen, the test is whether, in view of all the evidence, a person of ordinary skill in the art would have considered the [claim's inventive concept / claim] to involve only technology that was well-understood, routine, and conventional [, as of priority date of each patent. The claims' use of the abstract idea cannot constitute or contribute to any inventive concept[71] / at the time the invention was made].

**DAMAGES[72]**

---

[68] AMRH Authority: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Infernal Tech., LLC v. Sony Interactive Entm't, LLC*, No. 2:19-cv-248-JRG, Dkt. 355 (Trial Transcript, Vol. 4) at 33:21-34:1 (E.D. Tex. Oct. 7, 2021).

[69] AMRH Authority: *Infernal Tech., LLC v. Sony Interactive Entm't, LLC*, No. 2:19-cv-248-JRG, Dkt. 355 (Trial Transcript, Vol. 4) at 34:2–14 (E.D. Tex. Oct. 7, 2021).

[70] AMRH Authority: *Infernal Tech., LLC v. Sony Interactive Entm't, LLC*, No. 2:19-cv-248-JRG, Dkt. 355 (Trial Transcript, Vol. 4) at 34:15–21 (E.D. Tex. Oct. 7, 2021).

[71] Samsung: <u>Authority</u>: *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1380 n. 11 (Fed. Cir. 2025) (quoting *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018)).

[72] Samsung: <u>Authority</u>: *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); *United Services Automobile Association v. Apple Bank, N.A.*, No. 2:18-cv-00245-JRG, (E.D. Tex. Nov. 5, 2019); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).

If you find that Samsung's Accused Instrumentalities infringed any of the Asserted Patent Claims and that the Asserted Claim is not invalid, you must then consider what amount of damages to award to AMRH for that alleged infringement.[73] Now, I will instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case on any issue. If you find that Samsung has not infringed any Asserted Claim or that all Asserted Claims are invalid, then AMRH is not entitled to any patent damages.[74]

If you award damages, they must be adequate to compensate AMRH for any infringement. You should not include any additional amount for the purposes of punishing Samsung or for setting an example. AMRH in this case has the burden to establish the amount of its damages by a preponderance of the evidence.[75]

The patent laws specifically provide that damages for infringement may not be less than a reasonable royalty. Plaintiff AMRH must prove the amount of its damages with reasonable certainty but need not prove the amount of damages with mathematical precision. You may not

---

[73] Samsung: <u>Authority</u>: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *TQ Delta, LLC v. CommScope Holding Co.*, No. 2:21-cv-00310-JRG, Final Jury Instructions, Dkt. No. 534, Vol. 1 Tr. 21:14-73:13 (E.D. Tex. Mar. 30, 2023); 35 U.S.C. § 284.

[74] <u>Authority</u>: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 5.1 Damages – Introduction; 35 U.S.C. § 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement . . . ."); *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions); *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions); *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1345-46 (Fed. Cir. 2003) (vacating damages award that was based on both infringed and non-infringed patents); *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd. et al*, No. 2:19-cv-00347-JRG (E.D. Tex. May 19, 2021) (Final Jury Instructions).

[75] <u>Authority</u>: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).

award damages that are speculative, damages that are only possible, or damages that are based on guesswork. AMRH seeks damages in the form of a reasonably royalty.[76]

A royalty is a payment made to a patent holder in exchange for the right to use the claimed invention.[77] A reasonable royalty is defined as the money amount AMRH and Samsung would have agreed upon in a hypothetical negotiation as a fee for Samsung's use of the invention at the time just prior to when Samsung's alleged infringement began.[78] You must consider this date for each Asserted Patent Claim.[79]

Now, in considering this hypothetical negotiation, you should focus on what the expectations of AMRH and Samsung would have been had they entered into an agreement at that time and had they acted reasonably in their negotiations. In determining this, you must assume that both parties believed the Asserted Claims were valid and infringed and that both parties were willing to enter into an agreement. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. In the context of the hypothetical negotiation, it is not necessarily the case that each valid and infringed patent in the hypothetical negotiation contributes equally to the

---

[76] Authority: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 5.1.

[77] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); Section B.5.6 Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).

[78] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); Section B.5.6 Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).

[79] Samsung: Authority: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 5.1.

amount that Samsung would pay for that license, or that each patent covered by other licenses that were presented contributes equally to the amount that was paid for those licenses.

The law requires that any damages awarded to the Plaintiff corresponds to the value of the alleged inventions within the accused system, as distinct from other, unpatented features of the accused product, or other factors such as marketing or advertising, or AMRH's size or market position. This is particularly true where the Accused Product has multiple features and multiple components not covered by the patent or where the Accused Product works in conjunction with other non-patented items. Therefore, the amount you find as damages must be based on the value attributable to the patented technology. If the unpatented features contribute to an accused product, you must apportion that value to exclude any value attributable to unpatented features. You must determine an appropriate royalty rate and an appropriate royalty base that reflect the value attributable to the patented invention alone.[80] A royalty you might award for damages must reflect only the value attributable to the allegedly infringing features of the accused system.[81] AMRH bears the burden to establish the amounts attributable to the patented features.

---

[80] Samsung: <u>Authority</u>: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 5.12. Adapted from *TQ Delta, LLC v. CommScope Holding Co*., No. 2:21-cv-00310-JRG, Final Jury Instructions, Dkt. No. 534, Vol. 1 Tr. 21:14-73:13 (E.D. Tex. Mar. 30, 2023). *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-00463-JRG, Final Jury Instructions, Dkt. No. 478 at 1322:13-21 (E.D. Tex. Apr. 21, 2023); *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd. et al*, No. 2:19-cv-00347-JRG (E.D. Tex. May 19, 2021) (Final Jury Instructions).

[81] AMRH Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); Section B.5.12 Federal Circuit Bar Association Model Patent Jury Instructions (rev. May 2020).

In determining a reasonable royalty, you should consider all facts known and available to the parties at the time the infringement began. [You may also consider: / Some of the kinds of factors that you may consider in making your determinations are[82]]:

1.    The royalties received by the patentee for the licensing of the patent(s) in suit, proving or tending to prove an established royalty.

2.    The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3.    The nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4.    The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that [monopoly / exclusivity].[83]

5.    The commercial relationship between the licensor and the licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promotor.[84]

6.    The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of

---

[82] AMRH Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions); *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[83] AMRH Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

[84] AMRH Authority: *Headwater Research LLC v. Cellco Partnership et al*, 2:23-cv-00352-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

sales of his non-patented items, and the extent of such derivative or convoyed sales.

7. The duration of the Asserted Patents and the term of the license(s).

8. The established profitability of the product made under the Asserted Patents, its commercial success, and its current popularity.

9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion testimony of qualified experts.

15. The amount that a licensor (such as AMRH) and a licensee (such as Samsung) would have agreed upon at the time the infringement began if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to

33

manufacture and sell a particular article embodying the patented invention—
would have been willing to pay as a royalty and yet be able to make a reasonable
profit and which amount would have been acceptable by a prudent patentee who
was willing to grant a license.

You may have heard these factors referred to during the trial as the *Georgia-Pacific*
factors during testimony.[85] No one of these factors is dispositive, and you can and should
consider the evidence that has been presented to you in this case on each of these factors.

You may also consider any other factors which in your minds would have increased or
decreased the royalty Samsung would have been willing to pay and that the patent owner,
AMRH, have been willing to accept, with both acting as normally prudent businesspeople.[86]

Comparable license agreements are one factor that may inform your decision as to the
proper amount and form of the reasonable royalty award, similar to the way in which the value of
a house is determined relative to comparable houses sold in the same neighborhood. If a license
agreement is not sufficiently comparable, you may not rely on it in determining damages.
Whether a license agreement is comparable to the license under the hypothetical license scenario
depends on many factors, such as whether they involve comparable technologies, comparable
economic circumstances, comparable structure, and comparable scope. If there are differences
between a license agreement and the hypothetical license, you must take those into account when
you make your reasonable royalty determination.[87]

---

[85] <u>Authority</u>: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions).
[86] <u>Authority</u>: *G+ Commc'ns v. Samsung Elecs. Ltd*, No. 2:22-cv-00078-JRG (E.D. Tex. Feb. 13 2024) (Final Jury Instructions)
[87] <u>Authority</u>: *Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301 (Fed. Cir. 2009); *Prism Techs. LLC v. Sprint Spectrum L.P*., 849 F.3d 1360 (Fed. Cir. 2017).

Now, for purposes of determining a reasonable royalty, you may consider whether at the time of the hypothetical negotiation there were acceptable, non-infringing alternatives to taking a license. To be an acceptable, non-infringing alternative, a product must have the advantages of the patented invention that were important to people who purchased an alleged infringer's product. The party that advances a non-infringing alternative bears the burden to [show / prove] by a preponderance of the evidence that this non-infringing alternative was acceptable and available at the time of the hypothetical negotiation and during the damages period.[88]

A reasonable royalty must be one that is anticipated to allow the defendant to make a reasonable profit on the infringing product.

In considering the evidence of a reasonable royalty, you are not required to accept one specific figure or another for the reasonable royalty. You are entitled to determine what you consider to be a reasonable royalty based upon your consideration of all of the evidence presented by the parties whether that evidence is of a specific figure or a range of figures.[89]

## DATE OF COMMENCEMENT OF PATENT DAMAGES[90]

---

[88] Samsung: <u>Authority</u>: Federal Circuit Bar Association (FCBA) Model Patent Jury Instructions (May 2020) at Instruction 5.2. *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-00463-JRG, Final Jury Instructions, Dkt. No. 478 at 1326:6-10 (E.D. Tex. Apr. 21, 2023); *DataTreasury Corp. v. Wells Fargo & Co.*, 2011 U.S. Dist. LEXIS 118443, at *47 (E.D. Tex. Aug. 2, 2011); *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1298 (Fed. Cir. 2007); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 2011 U.S. Dist. LEXIS 5422, *10 (E.D. Tex. Jan. 20, 2011); *see also Spex SPEX Techs. v. Apricorn, Inc.*, 2020 U.S. Dist. LEXIS 50221, *7 (C.D. Cal. Jan. 21, 2020).

[89] <u>Authority</u>: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), Instruction 5.1.

[90] Samsung: <u>Authority</u>: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020) at § 5.10.

In calculating patent damages, you must determine when the damages began. Damages commence on the date that Samsung has both infringed and AMRH notified Samsung of the alleged infringement of the asserted patents.[91]

With regard to the '848 patent, the damages period begins on July 21, 2020 and ends on May 26, 2025.

With regard to the '849 patent, the damages period begins on July 21, 2020 and ends on May 26, 2025.

With regard to the '911 patent, the damages period begins on March 30, 2021 and ends on May 26, 2025.

Now, with those instructions, we're ready to hear closing arguments from the attorneys in this case.

## DELIBERATIONS

I would now like to provide you with a few final instructions before you begin your deliberations. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and partially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. You have heard all of the evidence in this case. You have now heard the argument of counsel. The Court has now given you the charge in this case. In just a few moments you're going to retire to the jury room, select one of your members to act as foreperson and begin performing the function for

---

[91] Samsung: <u>Authority</u>: Federal Circuit Bar Association Model Patent Jury Instructions (May 2020) at § 5.10; *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*") ("Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device.") (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)).

which you have been chosen and for which you have been impaneled in accordance with the oath that you took as jurors.

You will remember at the beginning of this trial the Court admonished you not to discuss this case with each other until it was submitted to you.

It is now time for you to begin your discussions, and you certainly may express an opinion from the evidence that you have heard and use any reasonable means to persuade other members of the jury to your convictions and to your honest opinion. You are to reach a verdict which speaks the truth and which does justice to all parties without favor, bias or prejudice in any particular, either for or against any party to this lawsuit.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

Answer each question in the verdict form based on the facts as you find them to be, following the instructions that the Court has given you on the law. Do not decide who you think should win this case and then answer the questions accordingly. Again, I remind you, your answers and your verdict in this case must be unanimous.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. This is true even where one party is small, and the other is large. This applies in patent cases between corporations, partnerships, or individuals. A patent owner is entitled to protect his rights under the laws of the United States. This includes bringing suit in a United States District Court for money damages for infringement. By the same token, an accused infringer is entitled to defend

itself against assertions of infringement, including by arguing that it does not infringe the asserted patents.[92]

The law recognizes no distinction between types of parties. All corporations, all partnerships, [all / and] other organizations stand equal before the law, regardless of their size[, regardless of / or] who owns them, and they are to be treated as equals.

When you retire to the jury room to deliberate on your verdict, you will each have a copy of these written jury instructions to take with you. If you desire, during your deliberations, to review any of the exhibits which the Court has admitted into evidence during the trial, you should advise me by written note delivered to the Court Security Officer. He will bring me your note, and then I will send you that exhibit or those exhibits. However, demonstratives (as opposed to exhibits) are not evidence, and I will not be able to send any demonstratives to you in the jury room during your deliberations.[93]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

---

[92] *Empire Tech. Dev. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00427-JRG (E.D. Tex) (Final Jury Instructions).
[93] AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

Any notes that you've taken over the course of the trial are aids to your memory. If your memory should differ from your notes, then you should rely on your memory and not your notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.[94] Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

If you want to communicate with me at any time during your deliberations, you should give a written message or a question signed by the Jury Foreperson to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you brought back into the courtroom where I can address you orally. I will always first disclose to the attorneys in the case your question and my response before I answer your question.

After you have reached your verdict and I have discharged you from your duty as jurors, you are not required to talk with anyone about your service in this case. By the same token, after I have discharged you from your duty as jurors, you are completely free to discuss your service as jurors in this case with anyone that you choose to. The choice is yours.

You should understand the practice in this Court is that after you are discharged, if you wish to talk about your service as jurors with any of the attorneys in the case, it's up to you to initiate a conversation with them. They are not permitted to initiate a conversation with you.

I will now hand eight individual copies of these final jury instructions and one clean copy of the verdict form to the Court Security Officer to deliver to the jury in the jury room.

---

[94]AMRH Authority: *Daingean Tech. v. T-Mobile USA, Inc. et al*, 2:23-cv-00347-JRG-RSP (E.D. Tex. July 2025) (Final Jury Instructions).

Ladies and Gentlemen of the Jury, you may now retire to the jury room to deliberate. We await your verdict.