██████████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 2:23-cv-00439-JRG |
| v. | § § | |
| SAMSUNG ELECTRONICS CO, LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | Jury Trial Demanded |
| *Defendants.* | § § | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' MOTIONS *IN LIMINE***

Plaintiff Anonymous Media Research Holdings, LLC, ("AMRH") hereby objects to Defendants Samsung Electronics Co, Ltd. and Samsung Electronics America, Inc.'s (collectively "Samsung") motions *in limine*, and respectfully shows the court as follows:

**Samsung's MIL No. 1: No evidence, testimony, argument, or suggestion that Samsung stole or copied AMRH's technology; or that Samsung or other companies agreed or otherwise conspired to steal or copy AMRH's technology.**

AMRH is not going to say that Samsung stole, copied, or conspired with others to steal or copy AMRH's technology. AMRH is not going to denigrate Samsung by calling the company a "pirate" or a "thief." AMRH has done nothing to indicate that it would try this case with name-calling tactics. Those aspects of Samsung's Motion in Limine No. 1 are not disputed. And if that relief—the title of MIL No. 1—were the extent it, AMRH would not oppose this MIL. But Samsung's brief reveals a much broader, and different, scope that reaches far beyond "copying." Samsung argues that its MIL should extend to preclude fact witness testimony about licensing efforts, corporate representative beliefs as to why some licensing efforts were successful and others

1

were not, and discussion of an Ocean Tomo agreement—an agreement that Samsung heavily relies upon for its damages case. None of this has to do with copying accusations and this evidence should not be excluded under that pretense. The motion mischaracterizes AMRH's intended trial presentation, overstates the risk of prejudice, and seeks to exclude relevant evidence having nothing to do with "copying." AMRH opposes these additional aspects of MIL No. 1 for the reasons explained below.

First, Samsung identifies a single Q&A from a 320-page deposition where the company's founder expressed his opinion about unsuccessful prior licensing efforts. Mot. at 2. On its face this Q&A has nothing to do with "copying" or a conspiracy to steal AMRH's technology. The Q&A, which is not even specific to Samsung, is instead about why AMRH continued to prosecute patents and litigate them after unsuccessful attempts at licensing. This testimony is relevant to explain AMRH's backstory, its patent prosecution timeline, and its licensing attempts. The Court should not preclude this relevant testimony, much less do so under the guise of a "copying" MIL. Moreover, this testimony is also relevant to rebut any suggestion by Samsung that AMRH was dilatory in its patent prosecution. The original question asked of Mr. Steuer was "[after not receiving any interest in the technology] you decided to make an investment in new patent applications that specified the use of video data as opposed to audio data?" Dkt. 197-2 at 298:18–299:4. Mr. Steuer's explanation should not be shielded from the jury, particularly if Samsung intends to suggest that this prosecution timeline was unjustified or dilatory.

Second, Samsung's attempt to crowbar exclusion of Ocean Tomo evidence under the guise of its copying MIL should also be rejected. The content of and circumstances surrounding the Ocean Tomo deal are relevant to establish that AMRH engaged in licensing efforts and litigated as a last resort. Moreover, testimony and evidence of the deal from AMRH's perspective is also

2

relevant in view of the opinions of Samsung's damages expert, Mr. Kidder, who relies on this agreement. *See* Kidder Report at 16. By all appearances, the Ocean Tomo agreement will be discussed by both sides in this trial. Samsung identifies no prejudice for why the deal's purpose and circumstances, as understood by AMRH's corporate representatives, should be shielded from the jury. That AMRH representative could not identify Ocean Tomo's specific communications with Samsung during his deposition does not represent prejudice to Samsung. Rather, this MIL appears designed to usher in Samsung's trial-inspired depiction of the deal—a depiction that contradicts Samsung's own record evidence. *See* Ex. 1 ("Ocean Tomo attempted discussions in 2021 and 2022 with multiple entities, including Samsung."). AMRH is not going to present Ocean Tomo evidence to argue that Samsung is a willful infringer. But AMRH must be permitted to discuss the factual circumstances surrounding its engagement with this third party, particularly where Samsung is using this agreement for damages. If Samsung wishes to rely on the Ocean Tomo deal, the only potential prejudice here is in preventing the jury from hearing AMRH's factual evidence about the deal's context and purpose.

Samsung's Motion in Limine No. 1 seeks an overly broad exclusion that would unfairly limit AMRH's ability to present relevant evidence. AMRH is committed to avoiding inflammatory narratives and respectfully requests that the Court simply order the agreed-upon portions reflected in the title of Samsung's MIL, but not extend the MIL's application to the scattershot evidence, testimony, and trial themes that are unrelated to Samsung's copying MIL and which have legitimate and necessary evidentiary purposes at this trial.

**<u>Samsung's MIL No. 2</u>: No opinion testimony from any AMRH fact witness suggesting or asserting that the Accused ACR Instrumentalities practice the alleged inventions.**

AMRH does not intend to elicit testimony from any fact witness comparing any of the Accused ACR Instrumentalities to the claims. Nor does AMRH intend to elicit any testimony from

3

any fact witness that would require an expert report under FRE 702. To the extent that is the scope of Samsung's proposed *limine*, AMRH has no opposition.

As argued, however, Samsung attempts to extend this limitation to more generalized testimony that is within the personal knowledge of AMRH's inventors, Jonathan Steuer and Christopher Otto. Personal knowledge testimony is not precluded by the authority Samsung cites. *See, e.g.*, *Maxell, Ltd. v. Apple Inc.*, No. 5:19-cv-00036-RWS, 2021 WL 3021253, at *3 (E.D. Tex. Feb. 26, 2021) ("lay witnesses . . . may not compare the accused Apple products to Maxell's infringement contentions," nor provide expert testimony under FRE 702, but holding that "lay witnesses may provide facts within their personal knowledge"); *SynQor, Inc. v. Vicor Corp.*, No. 2:14-cv-287-RWS-JBB, 2022 WL 7219272, at *2 (E.D. Tex. Oct. 7, 2022) (precluding "invalidity or non-infringement analysis or opinions that would require an expert report" under FRE 702 but allowing testimony "as to issues within [the witness's] personal knowledge").

The inventors' respective personal knowledge about what they were doing with Ocean Tomo, why they were doing it, why they filed suit against Samsung, and their actual personal belief that Samsung is using their technology is all relevant. For example, Samsung has indicated that it intends to cross-examine AMRH's inventors on when the video patents were filed and issued in comparison to when Samsung's products began using the infringing technology—the timing of when AMRH formed a belief as to Samsung's infringement is a direct response to that. Further, Samsung's damages expert relies heavily on provisions in the agreement between AMRH and Ocean Tomo—the backstory behind why AMRH engaged Ocean Tomo and what its goals were with respect to companies (like Samsung) that AMRH believed were using its technology is relevant to whether those provisions should be considered by the jury in assessing a reasonable royalty. Samsung also intends to cross AMRH's inventors on whether they ever told anyone at

Samsung that Samsung was infringing. Exs. 2–3. Samsung should not, on the one hand, be able to question AMRH's fact witnesses on whether it shared its belief of infringement with Samsung if AMRH is not also permitted to establish when, and why, it formed the belief that Samsung infringed. There is no basis to exclude this non-opinion testimony.

Finally, Samsung cannot argue that is has been prejudiced or surprised by this testimony. It's motion *in limine* concedes that it had the opportunity to depose both AMRH inventors on these points during the case, and there is no information that has been withheld on privilege grounds with respect to these areas of testimony. For all of these reasons, Samsung's motion *in limine* should be denied.

**Samsung's MIL No. 3: No evidence or argument that employees or corporate representatives lack knowledge that is outside of their personal knowledge or the scope of 30(b)(6) topics for which they were designated.**

AMRH has no desire for an end-run around Rule 602. Nor is it AMRH's position that a corporate representative at trial must be prepared on everything that Samsung, as a company, has within its knowledge. But Samsung's motion *in limine*, as worded, is too broad and is designed to set up a one-sided affair: on the one hand, Samsung will have every opportunity to cross-examine both corporate representatives and inventors of AMRH on everything within their knowledge and on which they were designated. Then, on the other, Samsung has disclosed that it only intends to bring an in-house lawyer to trial, and that AMRH may not be permitted to call that witness *at all* because any answer would, purportedly, be privileged.[1]

AMRH does not intend to present evidence, testimony, or argument that Defendants' fact witnesses have not read the Asserted Patents or formed opinions on the Asserted Patents unless

---

[1] This is not true. There are plenty of non-privileged questions that could be asked, as has been recognized in other cases when a defendant's in-house corporate counsel have been called to testify. *See, e.g. Intellectual Ventures I LLC v. T-Mobile USA, Inc., et al.*, No. 2:17-cv-577-JRG (Feb. 6. 2019) at 11:2–3; 11:17–19.

they were designated on such topics. AMRH should, however, be permitted to confirm that a fact witness is not testifying as an expert and is not applying claim language in his or her testimony. Likewise, AMRH should be permitted to confirm with a fact witness that his or her role at trial is not to provide expert opinions about the Asserted Patents—just like AMRH expects Samsung to confirm with AMRH's witnesses.

AMRH fully intends to keep its questioning within the bounds that this Court has routinely recognized as appropriate questioning. *See, e.g.*, *Headwater Research, LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-103-JRG (Trial Vol. 1) at 665:1–3 (attached as Ex. 9) ("If [the corporate representative] has knowledge and [] can address the question, [he or she] can do that. If [the corporate representative] doesn't know, [he or she]'ll just have to say [he or she] doesn't know."); *id.* at 665:16–18 ("[The corporate representative] can freely testify about the company's position on any matter, [and] can freely testify about the issues [he or she] has personal knowledge of."). Accordingly, this motion *in limine* should be denied, or clarified to allow testimony consistent with the above.

**Samsung's MIL No. 4: No evidence, testimony, argument, or suggestion that characterizes the legal standards or burden of proof in any manner differently from the Court's instructions.**

AMRH has no intention of contradicting this Court's instructions or arguing that the law is something different than what the Court instructions. For that reason alone, this motion *in limine* should be denied as moot.

Samsung's primary concern in its briefing appears to be references to the presumption of validity. But this Court routinely recognizes in its preliminary and final instructions to the jury that patents are presumed valid. *See, e.g.*, *Mojo Mobility, Inc. v. Samsung Electronics Co., Ltd., et al.*, No. 2:22-cv-398-JRG (Trial Vol. 1) at 145:19–20 (preliminary instructions) ("an issued United States patent is presumed to be valid") (attached as Ex. 4); *id.* (Trial Vol. 5) at 1269:18–19 (final

instructions) ("An issued United States patent is accorded a presumption of validity") (attached as Ex. 5). As the Court is well aware, this is an accurate statement of the law and AMRH should not be prohibited from referencing it. Accordingly, this motion *in limine* should be denied.

**Samsung's MIL Nos. 5–7: Requests for clarification of the Court's standard *limine* orders as applied to case.**

Samsung's briefing of three additional *limine* points as "clarifications" as opposed to separate *limine* motions is a blatant end-run around this Court's rules limiting each party to five motions *in limine*. *See* Dec. 14, 2022 Standing Order. Samsung recently acknowledged as much when it briefed a similar "clarification" within its limit of five motions *in limine*. *See Mojo Mobility, Inc. v. Samsung Electronics Co.*, No. 2:22-cv-00398-JRG-RSP, Dkt. 210 (June 21, 2024) (seeking clarification of Court MIL No. 9 as Samsung's Motion in Limine No. 5) (Ex. 6).

**Samsung's Addition to Court MIL No. 3: Any evidence, testimony, or argument relating to Samsung revenue—other than Samsung Ads revenue—including but not limited to Samsung overall revenue and Samsung TV revenue.**

As AMRH explained to Samsung in its conferral, AMRH agrees not to mention Samsung's overall revenue or Samsung TV revenue. To the extent Samsung seeks to preclude other revenue measurements not specifically called out in this clarification or Court MIL No. 3, this motion *in limine* should be denied.

**Samsung's Addition to Court MIL No. 6 and 13: Any evidence, testimony, or argument relating to U.S. Patent and Trademark Office *inter partes* review proceedings ("IPRs") or district court litigations concerning any of the currently or formerly Asserted Patents, including but not limited to, *inter partes* petitions filed by Samsung and Roku, Inc., and litigation between AMRH and Roku, Inc.**

As AMRH explained to Samsung in its conferral, AMRH does not intend to introduce evidence relating to any of the *inter partes* review proceedings relating to the Asserted Patents, nor does AMRH intend to introduce evidence relating to its litigation against Roku.

███████████████████████████████

To the extent, however, that Samsung introduces argument or evidence to the jury claiming that Gracenote is a non-infringing alternative (Ex. 1), that would open the door to AMRH's litigation against Roku. Roku acquired Gracenote in 2021 (Ex. 7); that Gracenote technology is part of the accused instrumentalities in the Roku litigation. Accordingly, if this *limine* is granted, Samsung should also be precluded from introducing evidence, testimony, or argument that Gracenote is a non-infringing alternative that is available to Samsung.

**Samsung's Additions to Court MIL No. 9:**
- **(1) Evidence, testimony (including expert testimony), arguments, or inquiries attempting to elicit testimony asserting or suggesting that Samsung does not generally respect intellectual property rights.**
- **(2) Any assertion or suggestion that Samsung "spies on," "surveils," "monitors," or otherwise engages in improper conduct by invading its users' privacy, or that Samsung "harvests," "exploits," or "misuses" or otherwise mishandles user information and data.**

In what is effectively its seventh motion *in limine*, Samsung seeks to make numerous additions to Court MIL No. 9.

First, Samsung seeks to exclude the general assertion that Samsung does not respect intellectual property rights. Of course, it is AMRH's position that, in this instance, Samsung has not respected AMRH's intellectual property rights—that is the basis of a patent infringement claim. While AMRH does not intend to elicit general testimony along the lines of what Samsung's habits or practices are with respect to intellectual property rights, it is unclear precisely what types of questions or testimony Samsung seeks to exclude. Presumably, any suggestion that Samsung has infringed AMRH's patents "suggests" that Samsung does not respect intellectual property rights. In short, this extension is unnecessary. Samsung identifies no specific concern of any particular nature that would justify broadening the Court's standard MIL. Again, AMRH has no intention of eliciting generalized testimony of Samsung's habits or practices with respect to intellectual

8

property (*e.g.*, that many verdicts have been won against Samsung, that Samsung is often sued for patent infringement, etc.). This aspect of the request should be denied as moot.

Second, Samsung seeks to transform Court MIL No. 9 by adding a number of distinct, case-specific requests that stray from the purpose behind the underlying *limine*. Nevertheless, AMRH agrees that it does not intend to use any of these pejorative terms as relates to Samsung and, in conferral, only requested that Samsung also refrain from using any of these pejoratives to describe AMRH's patented technology as well.[2] In other words, this *limine* should be mutual.

---

[2] It is AMRH's understanding that this *limine* would not preclude either party from inquiring, during *voir dire*, as to any juror-specific opinions related to data collection or data privacy, to understand if there is any underlying bias that might disqualify a juror in this particular matter.

████████████████████████████████

Dated: August 11, 2025   Respectfully submitted,

/s/ Jason McManis
Jason McManis
State Bar No.: 24088032
Weining Bai
State Bar No.: 24101477
Sujeeth Rajavolu
State Bar No.: 24127961
Louis Liao
State Bar No.: 24109471
Hailey Pulman
State Bar No.: 24121469
Chun Deng
State Bar No.: 24133178
Ab Henry
State Bar No.: 24131987
Michael Killingsworth
State Bar No.: 24110089
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
wbai@azalaw.com
srajavolu@azalaw.com
lliao@azalaw.com
hpulman@azalaw.com
cdeng@azalaw.com
ahenry@azalaw.com
mkillingsworth@azalaw.com

Warren J. McCarty III
State Bar No.: 24107857
**The McCarty Firm, P.C.**
100 Crescent Ct., Floor 7
Dallas, TX 75201
Phone: (214) 459-3196
wmccarty@mccartyfirm.com

*Of Counsel:*

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett Parish

10

Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: 903-757-6400
Fax: 903-757-2323

**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on August 11, 2025. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Jason McManis*
Jason McManis

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that I conferred with opposing counsel regarding the above-mentioned Motions in Limine on August 11, 2025. The parties could not reach an agreement on the above Motions *in limine*.

*/s/ Jason McManis*
Jason McManis

### CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter

*/s/ Jason McManis*
Jason McManis