IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00439-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on August 18, 2025, and addressed the motions *in limine* filed by Plaintiff Anonymous Media Research Holdings LLC ("AMRH") (Dkt. No. 196) and Defendants Samsung Electronics Co. Ltd., and Samsung Electronics America, Inc. (Dkt. No. 197). This Order summarizes and memorializes the Court's rulings and reasons at the hearing, including additional instructions given to the parties, and also gives the Court's rulings on the motions resolved on the briefing. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

    A. **AMRH's Motions *in Limine* (Dkt. No. 196)**

        1. Plaintiff's **MIL No. 1**: Any argument, evidence, or testimony that the value of the Asserted Claims or the Asserted Patents is limited to particular amendments made to

overcome rejections in the prosecution history, particular elements not found in the prior art, or anything less than the claimed invention as a whole.

    This motion *in limine* is **GRANTED**. This MIL is not intended to restrict Defendants' ability to rely on any properly asserted prior art references, but does preclude the use of the examiner's rejection.

2. Plaintiff's **MIL No. 2**: Any argument, evidence, testimony, reference, or suggestion concerning patents unrelated to the asserted patents in this case, including the patent AMRH's Expert (Leo Hoarty) sold to Vizio and Samsung's patents.

    This motion *in limine* is **GRANTED** as to the Hoarty patent. This MIL is **DENIED** as to Samsung patents. Samsung may mention its patents at a high-level, but may not specifically reference any particular patent nor make any implication that it does not infringe the asserted patents because it has its own patents.

3. Plaintiff's **MIL No. 3**: Any argument, evidence, testimony (including expert testimony), or reference to Plaintiff's "waiting to file" or "finally filing" the Video Patents in 2019, or other similarly derogatory or pejorative commentary or testimony on the timing of the filing of the Video Patents.

    This motion *in limine* is **GRANTED** as to any references to Plaintiff "waiting to file" its patents, or delaying in filing them. The Parties are, however, permitted to neutrally discuss the timeline.

4. Plaintiff's **MIL No. 4**: Any argument, evidence, testimony (including expert testimony), or reference to patent interference proceedings, or applications held open for the purpose of pursuing patent interference proceedings, in the prosecution history of the patent families of the Asserted Patents.

This motion *in limine* is **AGREED** "to the extent it precludes Samsung from presenting argument, evidence, testimony, or making reference to the patent interference proceedings, or lack thereof." Dkt. No. 208 at 9.

5. Plaintiff's **MIL No. 5:** Any argument, evidence, testimony, reference, or suggestion that AMRH's inventors are unable to identify differences between the Asserted Patents and particular prior art references.

This motion *in limine* is **GRANTED.** After review of the record, the Court finds that the deposition testimony at issue is unfairly prejudicial and calls for opinion testimony from the lay inventors concerning the scope of prior art references. This does not prevent Defendants from asking high level questions about differences between the alleged inventions of the asserted patents and the prior art. But detailed questions of the scope of specific references are unfair.

B. **Samsung's Motions *in Limine* (Dkt. No. 197)**

1. Defendants' **MIL No. 1**: No evidence, testimony, argument, or suggestion that Samsung stole or copied AMRH's technology; or that Samsung or other companies agreed or otherwise conspired to steal or copy AMRH's technology

This motion *in limine* is **GRANTED BY AGREEMENT** as to the scope of the caption of the MIL. This includes that there should be no reference or implication that Ocean Tomo provided claim charts, or similar notice of the asserted patents to Samsung.

3

2. Defendants' <u>**MIL No. 2**</u>: No opinion testimony from any AMRH fact witness suggesting or asserting that the accused ACR instrumentalities practice the alleged invention.

This motion *in limine* is **GRANTED** because such testimony requires expertise**.** However, the inventors may testify about their pre-suit suspicion that Samsung and other were infringing the patents, without naming other companies, in order to explain why they went to Ocean Tomo, and then filed this lawsuit.

3. <u>Defendants'</u> **MIL No. 3**: No evidence or argument that employees or corporate representatives lack knowledge that is outside of their personal knowledge or the scope of 30(b)(6) topics for which they were designated

This motion *in limine* is **GRANTED**. AMRH is precluded from presenting any evidence, testimony, or argument that Samsung's fact witnesses have not read the Asserted Patents or formed opinions regarding the Asserted Patents unless the witnesses were designated on such topics, However, Plaintiff is permitted to confirm that a fact witness is not testifying as an expert and was not applying claim language in his direct testimony. Plaintiff is also permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit. Relatedly, AMRH should be precluded from presenting any evidence, testimony, and arguments suggesting or asserting that Samsung's corporate representative at trial is obligated to prepare on any particular topic, or is charged with knowledge of others within the company, unless previously designated as a 30(b)(6) witness on that topic. However, a party is permitted to question the opposing party's corporate representative at trial regarding that opposing party's high-level positions taken in the litigation and at trial (regarding infringement, invalidity, and damages).

4. <u>Defendants' **MIL No. 4**</u>: No evidence, testimony argument, or suggestion that characterizes the legal standards or burden of proof in any manner differently from the Court's instructions

This motion *in limine* is **GRANTED** to the limited extent of prohibiting any arguments that the presumption of validity and the clear and convincing standard are separate and unrelated.

5. <u>Defendants' **MIL No. 5**</u>: Requests for clarification of the Court's standard *limine* Orders as applied to this case

> a. **Court MIL No. 3**: The parties shall be precluded from introducing evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation. AND, **Court MIL No. 23**: No expert witness may testify to expert opinions outside the established parameters of her/his expert report, and counsel shall not raise such an objection for strategic or other non-meritorious purposes

This motion *in limine* is **GRANTED** as to Samsung's overall revenues and TV sales revenue.

> b. **Court MIL No. 6**: The parties shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, inter partes review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court. AND, **Court MIL No. 13**: The parties shall be precluded from introducing evidence, testimony, or argument regarding either

5

party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.

This Motion *in limine* is **GRANTED** on the understanding that Defendants agreed not use Gracenotes as a non-infringing alternative (so that Plaintiff need not refer to that litigation).

  c. **Court MIL No. 9**: The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as "greedy," "corrupt," "evil," or "dishonest," or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as "stealing," "copying," "misappropriating," "pirating," "trespassing," or any similar terms.

This Motion *in limine* is **AGREED**.

**SIGNED this 19th day of August, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE