IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. *and* SAMSUNG ELECTRONICS CO., LTD.,<br><br>*Defendants*. | CASE NO. 2:23-CV-00439-JRG-RSP |

### <u>MEMORANDUM ORDER</u>

Before the Court is Defendant Samsung's Motion to Exclude the Opinions of Dr. Sam Malek Regarding Dependent Claims. **Dkt. No. 128**. The Parties have fully briefed the Motion. Dkt. Nos. 146, 165, 174. For the following reasons, the Motion is **DENIED**.

### I.     APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether

particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'The trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits" (quoting Fed. R. Evid. 702 advisory committee note)). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

## II.  ANALYSIS

### A. AMRH's Final Election of Asserted Claims

As it is necessary to the resolution of Samsung's Motion, the Court begins with a discussion of what claims remain in contention. At the time of Samsung's Motion, AMRH asserted the following claims of the following patents: '848 Patent: Independent Claims 1 and 9, and Dependent Claims 2–3, 5–6, 10–11, 13, and 14; '849 Patent: Independent Claims 1, 6, and 10, and Dependent Claims 2–3, 5, 7–9, 11–13; and '911 Patent: Independent Claim 1, and Dependent Claims 5–7 and 9. Dkt. No. 128 at 1. Since that time, AMRH filed a Final Election of Asserted Claims. Dkt. No. 228 at 1. In that Election, AMRH only asserts the following patents and claims: '848 Patent: Independent Claims 1 and 9, and Dependent Claims 5 and 13; and '911 Patent: Independent Claim 1, and Dependent Claim 6.

Accordingly, Samsung' Motion is **MOOT** to the extent that it discusses the following claims that are no longer at issue in this case: '848 Patent: Dependent Claims 2–3, 6, 10–11, and 14; all Claims related to the '849 Patent (Independent Claims 1, 6, and 10, and Dependent Claims 2–3, 5, 7–9, 11–13); and '911 Patent: Dependent Claims 5, 7 and 9.

### B. Samsung's Argument That Dr. Malek Merely Parrots AMRH's Interrogatory Charts as His Own Opinion

Because the Motion only raises issue with Dr. Malek's testimony as to dependent claims, only Dr. Malek's testimony regarding the '848 Patent's Dependent Claim 9, and the '911 Patent's Dependent Claim 6 remains to be resolved. Dkt. No. 128 at 5. Samsung's overall argument boils down to the assertion that Dr. Malek improperly parrots AMRH's interrogatory charts as to the

asserted dependent claims as his own opinion, and his testimony on those dependent claims should therefore be excluded as unreliable under *Daubert*. *Id.* at 1, 5.

Samsung first argues that Dr. Malek "did not provide opinions as to infringement" of the dependent claims by providing "collections of evidence." *Id.* at 5. Samsung contends that the Exhibits to his report are "not disclosures of expert opinions" but "collections of evidence," and he does not explain how they "support infringement of the asserted dependent claims." *Id.* at 6 (first citing *Finisair Corp. v. DirecTV Grp., Inc.*, No. 1:05-cv-264, 2006 WL 1207828 (E.D. Tex. May 2, 2006); and then citing *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-00512, 2017 WL 1319553, at *3, 10 (E.D. Tex. Apr. 10, 2017)).

Samsung next argues that even if this Court finds those Exhibits contain opinions, they "do not reflect Dr. Malek's independent opinions regarding the dependent claims." *Id.* at 5. Samsung argues that Dr. Malek "merely adopted the analysis . . . of counsel" by "incorporate[ing] by reference [] the accompanying claim charts" of AMRH's counsel, and "offers no substantive analysis or opinions of his own addressing even a single dependent claim." *Id.* at 7 (first citing *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-00033, 2015 WL 12911530, at *2 (E.D. Tex. Sept. 30, 2015); then citing *MGM Well Servs., Inc. v. Mega List Sys., LLC*, No. H-05-1634, 2007 WL 150606, at *4 (S.D. Tex. Jan. 16, 2007); and then citing *Mobility Workx, LLC v. Cellco P'ship*, No. 4:17-CV-00872, 2019 WL 5721814, at *12 (E.D. Tex. Nov. 5, 2019))

First, AMRH responds that Dr. Malek's report does explain how it supports infringement of the dependent claims, consistent with Federal Rule of Civil Procedure 26(a)(2)(B). Dkt. No. 146 at 2–3 (citing *Atlas Global Tech., LLC v. TP-Link Techs. Co.*, LTD, No. 2:21-CV-00430, 684 F. Supp. 3d 570, 578 (E.D. Tex. July 28, 2023)). AMRH argues that Dr. Malek's statements that "Samsung's Accused ACR Instrumentalities infringe each of the following claims" followed

4

by a listing of all dependent claims, throughout his 99-page narrative report, provides "a 'complete statement' of the opinions he will express." *Id.* at 5–6. AMRH points to three claim charts that Dr. Malek references that explain "claim-by-claim, element-by-element" the bases for his opinions that Samsung's ACR Instrumentalities infringe the dependent claims. *Id.* at 6.

Second, AMRH responds that characterizing "claim charts as evidence . . . is nonsensical" because the "evidence is cited in its original form" and the charts "provide fair disclosure of the evidence on which Dr. Malek will rely when presenting his opinion to the jury" as to the dependent claims. *Id.* at 5.

Third, AMRH responds that Dr. Malek cannot have parroted attorney argument by incorporating the interrogatory charts because he was directly involved in their creation. *Id.* at 7. AMRH argues, he "independently reviewed those claim charts himself," and "only adopt[ed] and include[ed] portions" that specifically supported his opinions in the narrative report. *Id.* at 8 (first citing *Finesse Wireless, LLC v. AT&T Mobility, LLC*, No. 2:21-CV-00316, 2022 WL 17875791, at *12 (E.D. Tex. Dec. 21, 2022); and then citing *Bonin v. Sabine River Auth. Of Tex.*, No. 1:19-CV-00527, 2022 WL 19731177, at *5 (E.D. Tex. Nov. 9, 2022)).

Samsung first replies that Dr. Malek offers only "three sentences of opinions" in his narrative report regarding the dependent claims, which is not enough. Dkt. No. 165 at 1. Samsung reiterates that neither Dr. Malek's incorporation of the claim charts, nor the claim charts themselves, express an opinion. *Id.* at 1–2. Essentially, Samsung challenges Dr. Malek's opinion concerning the dependent claims because "all he does is cite to evidence without more." *Id.* at 3.

Samsung next replies that, during his deposition, Dr. Malek "was unsure if AMRH's charts . . . contained any of his own input." *Id.* at 3. Samsung distinguishes from *Finesse Wireless*, arguing that "although the expert included plaintiff's infringement contentions, they

5

also provided their own analysis of infringement in their report," and Dr. Malek did not. *Id.* at 4 (citing *Finesse Wireless*, 2022 WL 17875791, at *12). Samsung also distinguishes *Bonin*, arguing that the court excluded one opinion "even where the expert performed some independent verification because the expert substantially deferred to another expert's thesis," which is akin to what Dr. Malek did in his report, except that he is "parroting attorney argument, not another expert's opinion." *Id.* at 4–5 (citing *Bonin*, 2022 WL 19731177, at *6–7).

First, in sur-reply, AMRH, includes several screenshots from Dr. Malek's 592-page claim chart, showing that "[r]ather than state a conclusion followed by a list of Bates stamps evincing this opinion . . . Dr. Malek's claim charts go limitation-by-limitation explaining why each cited piece of evidence supports his conclusions of infringement for the dependent claims at issue." Dkt. No. 174 at 1–3. AMRH contends that this is all that Rule 26(a)(2)(B) requires. *Id.* at 3.

Second, AMRH points out that the excerpt on which Samsung relies as to the deposition of Dr. Malek was in response to Samsung's "refusal to specify and present the particular charts Dr. Malek was being asked about." *Id.* at 4. AMRH also points out that Dr. Malek testified that, "I do know that the exhibits to my report have source code citations and analyses of those source code citations. I can tell you that that would have come from me." *Id.* (citing Dkt. No. 128-3 at 47:7–10). AMRH also states that "Dr. Malek testified [that] he independently reviewed all the materials presented to him and only offered opinions of infringement where his independent review led him to conclude that" Samsung's products infringed, which is all the Federal Rules require. *Id.* at 5 (citations omitted).

Beginning with the Federal Rules of Civil Procedure, Rule 26(a)(2)(B) requires experts to provide a written report, which must contain, among other items, "a complete statement of all opinions the witness will express and the basis and reasons for them[,] the facts or data considered

6

by the witness in formulating them[,] [and] any exhibits that will be used to summarize or support them . . . ." Fed. R. Civ. P. 26(a)(2)(B).

Here, Dr. Malek's narrative report contains a statement for each of the dependent claims that "[t]he evidence supporting infringement of these claims is set forth in the claim charts attached hereto in Exhibits D1 [through] D3, which are incorporated in their entirety." Dkt. No. 128-6, ¶¶ 131 ('848 Patent's Dependent Claim 9), 168, 214 ('911 Patent's Dependent Claim 6). Looking to Exhibits D1 through D3 (the Infringement Claim Charts), the infringement analysis on the limitations of the '848 Patent's Dependent Claim 9 is exhaustive, Dkt. No. 128-9 at 167–306, and so too—to a lesser extent—is the analysis on the '911 Patent's Dependent Claim 6, Dkt. No. 128-11 at 65–69. Moreover, Dr. Malek was involved in the creation of these charts for this litigation, Dkt. No. 146 at 7, and he completed all "source code citations and analyses," Dkt. No. 174 at 4 (citing Dkt. No. 128-3 at 47:7–10). The Court finds that the analysis found in Exhibits D1 through D3 of his report are Dr. Malek's own opinions. Insofar as the limitation-by-limitation analysis of the dependent claims from the Infringement Claim Charts is incorporated into Dr. Malek's report, the Court finds that Dr. Malek's report satisfies the disclosure requirements of Rule 26(a)(2)(B) and is sufficiently reliable under *Daubert*.

Therefore, the Motion as to Samsung's argument that Dr. Malek's infringement opinions regarding the dependent claims should be excluded as unreliable under *Daubert* is **DENIED**.

### III.   CONCLUSION

Accordingly, for the reasons discussed above, Samsung's Motion is **DENIED**.

**SIGNED this 16th day of September, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

7