## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC, | § § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 2:23-cv-00439-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## DEFENDANTS' MOTION FOR A NEW TRIAL

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  BACKGROUND ................................................................................................. 1

III. LEGAL STANDARD ......................................................................................... 3

IV.  ARGUMENT ...................................................................................................... 4

    A.   A New Trial Is Warranted Based on Collateral Estoppel. ..................... 4

        1.   The Roku Judgment has preclusive effect on this case. ........................... 4

        2.   The Section 101 Report does not alter the application of collateral estoppel because finality, not chronology, governs preclusion. ................ 5

        3.   The inclusion of the '848 patent at trial constituted prejudicial error. ........................................................................................................ 7

    B.   A New Trial Is Also Warranted Because the Jury's Verdict Was Against the Great Weight of the Evidence. ......................................................... 9

V.   CONCLUSION ................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackerman v. Am. Airlines, Inc.*,
924 F. Supp. 749 (N.D. Tex. 1995) ......................................................................................5

*Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*,
No. 24-cv-04171-VC, 2025 WL 2685621 (N.D. Cal. Sep. 12, 2025) ....................................2

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971) ............................................................................................................4

*Bradberry v. Jefferson Cnty.*,
732 F.3d 540 (5th Cir. 2013) ..............................................................................................5

*Conway v. Chem. Leaman Tank Lines, Inc.*,
525 F.2d 927 (5th Cir. 1976) ...........................................................................................4, 8

*Dana Corp. v. NOK, Inc.*,
882 F.2d 505 (Fed. Cir. 1989)..............................................................................................6

*Del Rio Distrib., Inc. v. Adolph Coors Co.*,
589 F.2d 176 (5th Cir. 1979) ...............................................................................................3

*DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*,
70 F. Supp. 3d 808 (E.D. Tex. 2014) ....................................................................................4

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013)............................................................................................5

*Kotteakos v. United States*,
328 U.S. 750 (1946)............................................................................................................4

*Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*,
577 U.S. 1099 (2016), *and opinion reinstated in part*, 824 F.3d 1344 (Fed.
Cir. 2016) ..........................................................................................................................8

*Mendenhall v. Barber-Greene Co.*,
26 F.3d 1573 (Fed. Cir. 1994)...........................................................................................5, 6

*Montana v. United States*,
440 U.S. 147 (1979)............................................................................................................5

*Pace v. Bogalusa City Sch. Bd.*,
403 F.3d 272 (5th Cir. 2005) (en banc) ................................................................................4

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979)..................................................................................................................5

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
    170 F.3d 1373 (Fed. Cir. 1999)..............................................................................................6

*Shows v. Jamison Bedding, Inc.*,
    671 F.2d 927 (5th Cir. 1982) ..................................................................................................9

*Sibley v. Lemaire*,
    184 F.3d 481 (5th Cir. 1999) ..................................................................................................3

*Smith v. Transworld Drilling Co.*,
    773 F.2d 610 (5th Cir. 1985) ..................................................................................................4

*Soverain Software, LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
    Nos. 2012–1649, 2012–1650, 2015 WL 570715 (Fed. Cir. Feb. 12, 2015) ..............................5

*TQ Delta, LLC v. CommScope Holding Co., Inc.*,
    657 F. Supp. 3d 892 (E.D. Tex. 2023)....................................................................................4

*U.S. Ethernet Innovations v. Tex. Instruments Inc.*,
    No. 6:11-cv-491, 2015 WL 1001637 (E.D. Tex. Feb. 19, 2015)..............................................5

*United States v. Raddatz*,
    447 U.S. 667 (1980)................................................................................................................6

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    778 F.3d 1365 (Fed. Cir. 2015), *cert. granted, judgment vacated sub nom* ..............................8

**Statutes**

28 U.S.C. § 636(b)(1) ..........................................................................................................................6

28 U.S.C. § 1292(b) ............................................................................................................................3

35 U.S.C. § 101....................................................................................................................1, 2, 3, 5

**Other Authorities**

Fed. R. Civ. P. 59(a)(1)(A) ................................................................................................................3

## I.   INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung" or "Defendants") respectfully move for a new trial because U.S. Patent No. 10,719,848 ("the '848 patent") should have been excluded from trial under the doctrine of collateral estoppel. Because the jury was permitted to hear evidence and decide infringement, invalidity, and damages issues on a patent that had already been adjudicated invalid by the Northern District of California ("NDCA"), the trial was fundamentally unfair and the verdict cannot stand. The '848 patent permeated the presentation of the evidence and arguments, tainting the trial and making it impossible to know how the jury would have decided the case without it. A new trial is thus warranted. In the alternative to Samsung's concurrently filed Renewed Motions for Judgment as a Matter of Law ("JMOL"), Samsung moves for a new trial on all issues because the infringement, validity, and damages verdicts are against the great weight of the evidence.

## II.   BACKGROUND

Plaintiff Anonymous Media Research Holdings, LLC ("AMRH") filed separate suits against Samsung and Roku Inc. ("Roku") in different jurisdictions, both of which included infringement allegations relating to the '848 patent. Dkt. No. 1 ("Compl."); *Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, No. 24-cv-04171-VC, Dkt. No. 1 (N.D. Cal. Sep. 22, 2023).[1] In each case, defendants raised patent eligibility challenges under 35 U.S.C. § 101. In the *Roku* case, Roku moved for judgment on the pleadings as to patent eligibility under Section 101 of all the patents AMRH asserted against Roku, including the '848 patent. *Roku, Inc.*, No. 24-cv-04171-VC, Dkt. No. 86 (N.D. Cal. Apr. 30, 2025), 2025 WL 2081341. In this case, Samsung and AMRH

---

[1] AMRH originally filed suit against Roku in the Western District of Texas but the case was later transferred to the Northern District of California. *Roku, Inc.*, No. 24-cv-04171-VC, Dkt. No. 66. The same six patents originally asserted against Roku were asserted against Samsung, and are part of the same patent family. *Compare* Compl. and *Roku, Inc.*, No. 24-cv-04171-VC, Dkt. No. 1.

filed cross-motions for summary judgment under Section 101. Dkt. Nos. 127, 130. In its motion, Samsung argued that all the patents AMRH asserted against Samsung, including the '848 patent, were invalid under Section 101. Dkt. No. 127 ("Section 101 Motion").

On September 1, 2025, Magistrate Judge Payne recommended denying Samsung's Section 101 Motion and granting AMRH's motion, concluding that the asserted claims were not directed to an abstract idea under step one of the *Alice* framework. Dkt. No. 229 ("the Section 101 Report") at 7. Samsung promptly filed objections to the Section 101 Report on September 10, 2025. Dkt. No. 232. Shortly thereafter, on September 11, 2025, the *Roku* court held a hearing on Roku's motion for judgment on the pleadings. *Roku, Inc.*, No. 24-cv-04171-VC, Dkt. No. 117. The *Roku* court confirmed that it had reviewed the Section 101 Report but found it unpersuasive. *Roku Inc.*, No. 24-cv-04171-VC, Dkt. No. 124 at 4:1–4 ("I just didn't see anything . . . in the R&R from the magistrate judge in Texas that would support a conclusion that these patents are valid."). The next day, the *Roku* court issued its decision (hereinafter "the *Roku* Judgment"), holding that the '848 patent and others "are invalid because they are directed to an unpatentable abstract idea without a saving inventive concept," and entered final judgment in Roku's favor. *Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, No. 24-cv-04171-VC, 2025 WL 2685621, at *1 (N.D. Cal. Sep. 12, 2025) (Dkt. No. 120 at 2); *Roku, Inc.*, No. 24-cv-04171-VC, Dkt. No. 121. That ruling covered all claims of the '848 patent asserted against Samsung in this case. AMRH filed an appeal (*id.*, Dkt. No. 123), which is now pending before the Federal Circuit.

On September 15, 2025—one business day after the *Roku* Judgment issued but before trial in this case commenced—Samsung moved for leave to file a motion for summary judgment based on collateral estoppel. Dkt. No. 234 ("Collateral Estoppel Motion"). At that time, Samsung's objections to the Section 101 Report were still pending. On September 18, 2025, Magistrate Judge

Payne denied Samsung's Collateral Estoppel Motion, reasoning that the doctrine is "forward-looking only" in light of his earlier Section 101 Report. Dkt. No. 251 ("Order"). However, the *Roku* Judgment was entered *before* this Court adopted the Section 101 Report, which did not occur until September 18, 2025—after Samsung had already sought leave based on the intervening final judgment. Nonetheless, Samsung timely objected to the Order and moved for leave to amend its answer to assert collateral estoppel, which was not previously available because the *Roku* Judgment did not yet exist. Dkt. Nos. 252, 253.

Thus, over Samsung's objections, evidence regarding the '848 patent was presented to the jury during trial. The jury returned a verdict in favor of AMRH, finding that each asserted claim of the '848 patent was infringed and not invalid and awarding damages. Dkt. No. 262. Following trial, Samsung moved to certify the Section 101 issues for interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. No. 279. Briefing on the motion was completed in December 2025. In March 2026, the Court issued its final judgment, stating that "[a]ll other requests for relief now pending by and between Plaintiff and Samsung that are not specifically addressed herein are DENIED" (Dkt. No. 287 at 2), which would include Samsung's request to certify the 101 issue for interlocutory appeal.

## III.    LEGAL STANDARD

A new trial may be granted on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Courts grant a new trial when it is "reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive,

-3-

the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985). "[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1976) (quoting *Kotteakos v. United States*, 328 U.S. 750, 764 (1946)).

## IV.    ARGUMENT

### A.    A New Trial Is Warranted Based on Collateral Estoppel.

Collateral estoppel barred including the '848 patent in the trial of this case because the patent had been finally adjudicated invalid by another federal court. Its inclusion tainted the entire trial. A new trial should therefore be granted and limited to infringement, invalidity, and damages, if any, relating to claim 1 of U.S. Patent No. 10,963,911 ("the '911 patent").

### 1.    The *Roku* Judgment has preclusive effect on this case.

In patent cases, collateral estoppel applies where a party is "facing a charge of infringement of a patent that has once been declared invalid." *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349–50 (1971). Specifically, collateral estoppel precludes a party from relitigating an issue if: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *TQ Delta, LLC v. CommScope Holding Co., Inc.*, 657 F. Supp. 3d 892, 899 (E.D. Tex. 2023) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc)); *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808, 811 (E.D. Tex. 2014).

As discussed in Samsung's prior briefing on its Collateral Estoppel Motion (Dkt. No. 235), all requirements for issue preclusion are met: (1) the identical issue of the patent eligibility of the '848 patent was at issue in the NDCA action; (2) the issue was actually litigated through full

briefing and a hearing in the NDCA in the *Roku* case; and (3) the finding of invalidity of the '848 patent was clearly necessary to the *Roku* Judgment, in that the judgment was based directly on that finding. Notably, neither AMRH's responsive briefing nor the Order identified a genuine dispute that these elements were met. Accordingly, collateral estoppel should have precluded AMRH from continuing to assert infringement of the '848 patent at trial in this case.

Importantly, whether to apply defensive collateral estoppel is not discretionary: "[t]he application of defensive collateral estoppel is *mandatory* when the requirements have been met," as is the case here. *Ackerman v. Am. Airlines, Inc.*, 924 F. Supp. 749, 753 (N.D. Tex. 1995) (emphasis added) (citing *Montana v. United States*, 440 U.S. 147, 152–55 (1979), and *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327–33 (1979)); *Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548 (5th Cir. 2013) ("[E]quitable considerations apply only to offensive collateral estoppel.").

### 2. The Section 101 Report does not alter the application of collateral estoppel because finality, not chronology, governs preclusion.

The *Roku* Judgment had an immediate issue-preclusive effect on any pending action involving the '848 patent. Although the Magistrate's Section 101 Report predated the *Roku* Judgment and this case was near trial, that has no bearing on the applicability of collateral estoppel. Courts "must apply intervening legal developments affecting the asserted patent's validity." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1342 (Fed. Cir. 2013). And "the defense of collateral estoppel based on a final judgment of patent invalidity in another suit *can 'be timely made at any stage of the affected proceedings.'*" *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1579–80 (Fed. Cir. 1994) (emphasis added) (citations omitted); *see U.S. Ethernet Innovations v. Tex. Instruments Inc.*, No. 6:11-cv-491, 2015 WL 1001637, at *2–3 (E.D. Tex. Feb. 19, 2015) (holding that collateral estoppel applied, even though the decision invalidating the patents came after two jury trials and non-final judgment was entered); *see also Soverain Software, LLC v.*

*Victoria's Secret Direct Brand Mgmt., LLC*, Nos. 2012–1649, 2012–1650, 2015 WL 570715, at *1 (Fed. Cir. Feb. 12, 2015) (applying issue preclusion where case was already on appeal); *Mendenhall*, 26 F.3d at 1583–84 (same); *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 508 (Fed. Cir. 1989) (same). It is also well established that a pending appeal does not affect the finality or preclusive effect of a trial court's decision. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381–82 (Fed. Cir. 1999) (collecting cases). AMRH's appeal of the *Roku* Judgment is therefore irrelevant.

Moreover, both AMRH's opposition to Samsung's Collateral Estoppel Motion and the Order denying that motion rest on the false premise that the Section 101 Report constituted a prior decision that this Court did not need to "revisit" in light of the subsequent *Roku* Judgment. A magistrate judge's report is *not* a binding decision or court order—it is a *recommendation* subject to de novo review. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980) ("[T]he magistrate has no authority to make a final and binding disposition."). Under 28 U.S.C. § 636(b)(1)(B), a magistrate may only "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive motions, including motions for summary judgment. And § 636(b)(1)(C) further provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Here, Samsung timely objected to the Section 101 Report, and the Court had not yet adopted it when the *Roku* court entered final judgment invalidating the '848 patent. The Section 101 Report (and even the order later adopting it) was not final or binding prior to the *Roku* Judgment issuing and therefore could not and did not preclude applying collateral estoppel here.

### 3.    The inclusion of the '848 patent at trial constituted prejudicial error.

The inclusion of the '848 patent at trial was not harmless. It substantially prejudiced Samsung and permeated the proceedings such that there is no reliable way to determine how the jury would have assessed infringement, invalidity, and damages for the '911 patent alone. This prejudice arises from the way the case was tried. The asserted patents are directed to the same underlying fingerprint ACR technology, share a specification, and rely on overlapping prior art and invention narratives. Moreover, the same product was accused of infringing both patents. As a result, much of the evidence was presented to the jury through a largely unified record, which limited the jury's ability to evaluate each patent independently. Witness testimony and attorney argument moved back and forth between the two inventions, often without clear delineation. Under these circumstances, the verdict cannot be reliably disentangled and the Court cannot conclude that the '848 patent's presence did not substantially influence the jury's findings as to infringement, invalidity, and damages on the '911 patent.

Plaintiff's witnesses reinforced this lack of separation. For example, Dr. Steuer testified that "both of the inventions in this case came from, you know, figuring out how to clean up, you know, scrub that initial list of recognitions that we received back from the underlying ACR." Dkt. No. 267 (Trial Tr.) 321:3–6. Mr. Otto testified that the inventions provide the same benefits. Dkt. No. 266 (Trial Tr. ) 271:20–272:1. Mr. Weinstein explained "that 40.3 percent of the benefits associated with [Samsung's] system . . . should be attributed *to the inventions*," rather than distinguishing this percentage between the patents. Dkt. No. 267 (Trial Tr. ) 572:25–573:6 (emphasis added). The jury was thus often tasked with parsing the nuanced distinctions between the asserted technologies within the broader fingerprint ACR framework that itself was presented as unified.

This prejudice is confirmed by the jury's verdict that 52% of its $78.5 million award related to the '848 patent and 48% related to the '911 patent. Stripping the '848 patent from the record, the 48% damages allocation to the '911 patent cannot stand. No evidence presented supported this patent-specific allocation, as detailed in Samsung's concurrently filed Renewed Motion for JMOL on Damages. As such, the allocation appears to reflect a combined assessment of both patents that cannot be disentangled. *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1377 (Fed. Cir. 2015), *cert. granted, judgment vacated sub nom. Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 577 U.S. 1099 (2016), *and opinion reinstated in part*, 824 F.3d 1344 (Fed. Cir. 2016) (finding a new trial appropriate where it was not possible to parse out and compute a damages amount based on the jury verdict). Overall, given the intertwined presentation of the two asserted patents, the Court cannot conclude with fair assurance that the error did not substantially influence the jury's verdict as to the '911 patent. *Conway*, 525 F.2d at 930.

Furthermore, Samsung was forced to devote substantial trial time and resources to defend against a patent that, as a matter of law, should not have been asserted against it. Indeed, AMRH asserted four claims of the '848 patent, compared to only a single claim of the '911 patent. Dkt. No. 286 (Trial Tr.) 1050:21–24. Samsung's technical expert, Dr. Bederson, was therefore required to devote substantially more time to addressing non-infringement and invalidity positions on the former. *Compare* Dkt. No. 269 (Trial Tr.) 716:6–775:17 (discussing opinions on the '848 patent), *with id.* at 777:24–802:8 (discussing opinions on the '911 patent). And a significant portion of Samsung's case was dedicated to discussing the prosecution history, distinguishing prior art, and explaining what was and was not before the Patent Office to support its invalidity arguments. AMRH, in contrast, did not even present a rebuttal expert on these issues. This error significantly prejudiced Samsung.

**B.    A New Trial Is Also Warranted Because the Jury's Verdict Was Against the Great Weight of the Evidence.**

For the reasons stated in Samsung's concurrently filed Renewed Motions for JMOL, the jury's verdict of infringement, validity, and damages against Samsung are against the great weight of the evidence and require a new trial. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982) (holding that new trial may be granted even if there is substantial evidence that would preclude JMOL).

The great weight of the evidence on the issues of noninfringement should have compelled any reasonable jury to find in Samsung's favor. For the reasons provided in Samsung's Renewed Motion for JMOL of Non-Infringement, incorporated herein by reference, the non-infringement evidence establishes, *inter alia*, that: (1) Samsung's ACR system does not generate two play streams as required by the '848 patent; and (2) Samsung's TVs do not determine the "time length window" of the "next sample" as required by the '911 patent. If JMOL is not granted on non-infringement, then a new trial is warranted.

Moreover, AMRH did not offer any substantive rebuttal to Samsung's invalidity defense. AMRH did not even call its own expert to respond. The great weight of the evidence on invalidity—in fact, *all* the relevant evidence—was in Samsung's favor and should have compelled any reasonable jury to find AMRH's asserted claims were invalid. That evidence is detailed in Samsung's concurrently filed Renewed Motion for JMOL of Invalidity.

**V.    CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's motion for a new trial.[2]

---

[2] Samsung respectfully requests the opportunity to present oral argument on this and its other post-trial motions and will make a submission requesting as much once briefing is complete.

DATED:  April 7, 2026

Respectfully submitted,

By:  */s/ Robert W. Unikel*
Robert W. Unikel
robertunikel@paulhastings.com
Grayson Cornwell (*pro hac vice*)
graysoncornwell@paulhastings.com
Daniel J. Blake (*pro hac vice*)
danielblake@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Forty-Fifth Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Allan M. Soobert
allansoobert@paulhastings.com
James V. Razick (*pro hac vice*)
jamesrazick@paulhastings.com
David Valente (*pro hac vice*)
davidvalente@paulhastings.com
Jason Mikus *(pro hac vice)*
jasonmikus@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Matthias A. Kamber
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street Forty-Eighth Floor
San Francisco, CA.94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Andrea Pallios Roberts
andrearoberts@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA.94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

-10-

Elizabeth L. Brann
elizabethbrann@paulhastings.com
Ariell N. Bratton
ariellbratton@paulhastings.com
Helen Gustafson (*pro hac vice*)
helengustafson@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA  92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 7, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

 /s/ Melissa R. Smith
Melissa R. Smith
