**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00439-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| *Defendants*. | § § | |

## ORDER

Before the Court is the Opposed Motion to Certify Interlocutory Appeal of Patent Eligibility Determination Pursuant to 28 U.S.C. § 1292(b) (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). (Dkt. No. 279.) For the reasons stated herein, the Court finds that the Motion should be and hereby is **DENIED**.

### I.    BACKGROUND

In the Motion, Samsung requests that the Court certify the Order Denying its Invalidity Motion and granting Plaintiff's Validity Motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), so that the Federal Circuit may immediately address whether U.S. Patent Nos. 10,719,848 (the "'848 Patent") and 10,963,911 (the "'911 Patent") are patent-eligible under 35 U.S.C. § 101. (Dkt. No. 279 at 1.) Samsung makes this request because, shortly prior to trial in this case, the NDCA held all claims of the '848 Patent (as well as six other patents) invalid under § 101. (*Id*. at 2.) This Court, in contrast, held that both the '848 and '911 Patents are valid under § 101. (Dkt. No. 249.)

## II.   LEGAL STANDARD

Interlocutory appeals are generally disfavored, and that 28 U.S.C. § 1292(b) provides only a "'narrow exception' to the final-judgement rule." *See Silverthorne Seismic, LLC v. Sterline Seismic Servs., Ltd.*, 125 F.4th 593, 598 (5th Cir. 2025) (quoting *Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970)). Section 1292(b) allows a district court to certify an order for interlocutory appeal only where (1) the "order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" on that question, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where all three of these requirements are met, district courts have considerable discretion to deny certification. *See, e.g., Givens v. Revlon, Inc.*, No. 4:23-cv-00857, 2025 WL 2070796, at *3 (E.D. Tex. July 23, 2025).

## III.   ANALYSIS

Samsung asserts that such a certification is appropriate in this case because (1) the patent-eligibility question presented is a controlling question of law; (2) this Court's divergence in ruling from the outcome in NDCA demonstrates the presence of substantial differences of opinion; and (3) a finding of ineligibility of the '848 and '911 Patents would end this litigation. (Dkt. No. 279 at 3-6.) Plaintiff Anonymous Media Research Holdings, LLC ("AMRH") responds (1) that the patent-eligibility question at issue here is a mixed question of fact and law that is not well-suited for an interlocutory appeal; (2) that Samsung fails to show a substantial ground for difference of opinion based on one district court opinion, which did not even consider the eligibility of the '911 Patent; and (3) an interlocutory appeal would only delay final resolution, especially because the fact issues under Step Two of *Alice* could require remand. (Dkt. No. 283 at 1.)

2

The Court finds that such a certification is not warranted in this case, at least because patent eligibility under § 101 can be a mixed question of law and fact. Although this Court resolved that issue as a matter of law, at Step One of the *Alice* inquiry, it is possible that on appeal that the Federal Circuit may reach Step Two of *Alice* and could find that remaining questions of fact require remand. Such a situation could end up prolonging the case, rather than shortening or otherwise improving the efficiency of the litigation, and runs counter to the Fifth Circuit's guidance that appellate jurisdiction under § 1929(b) applies only to legal questions that can be resolved immediately, "and cannot depend on a party's ability to prove additional facts." *Silverthorne*, 125 F.4th at 598. Accordingly, the Court finds that the issue of patent eligibility of the '848 and '911 Patents is not an appropriate question for the certification of an interlocutory appeal under these circumstances.

## IV.    CONCLUSION

For the reasons stated herein, Samsung's Motion (Dkt. No. 279) is **DENIED**.

**So ORDERED and SIGNED this 2nd day of June, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

3