**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-439-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants*. | § § | |

**<u>AMENDED FINAL JUDGMENT</u>**

A jury trial commenced in the above-captioned case on September 22, 2025. On September 26, 2025, the Jury reached and returned its unanimous verdict. (Dkt. No. 262). The Jury found that Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") have infringed Claims 1, 5, 9, and 13 of U.S. Patent No. 10,719,848 ("the '848 Patent") and Claim 1 of U.S. Patent No. 10,963,911 ("the '911 Patent") (collectively, the "Asserted Claims"). (*Id.* at 4). The Jury further found that Samsung failed to show that any of the Asserted Claims are invalid by clear and convincing evidence. (*Id.* at 5). To compensate Plaintiff Anonymous Media Research Holdings, LLC ("AMRH") for Samsung's infringement, the Jury awarded Plaintiff $78,512,999.00 USD. (*Id.* at 6). When asked as to such damages award "what percentage of this sum relates to the '848 patent and what percentage relates to the '911 patent?," the Jury answered that fifty-two (52) percent relates to the '848 Patent and that forty-eight (48) percent relates to the '911 Patent. (*Id.*).[1]

---

[1] The Parties agree that the '848 Patent and the '911 Patent both expired on May 26, 2025, approximately four months before trial. Presumably for this reason, the Parties did not ask the Court to inquire whether the jury's damages award constituted a running royalty or a lump sum (*see* Dkt. No. 209-11 (jointly proposed verdict form); Dkt. No. 271, at 166–69 (failing to object to not including such a question)) as such a distinction is immaterial once a patent has expired. *See Allergan Sales, LLC v. UCB, Inc.*, No. 2:15-cv-1001-JRG-RSP, 2016 WL 8222619, at *2 (E.D. Tex.

Pursuant to Federal Rule of Civil Procedure 58, and in accordance with the Jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Samsung has infringed the Asserted Claims.

2. Samsung has not shown by clear and convincing evidence that any of the Asserted Claims are invalid.

3. Plaintiff is entitled to and shall have and recover from Samsung as a reasonable royalty $78,512,999.00 USD for Samsung's infringement.  Fifty-two (52) percent of such royalty, being $40,826,759.48 USD, relates to Samsung's infringement of the '848 Patent.  Forty-eight (48) percent of such royalty, being $37,686,239.52 USD, relates to Samsung's infringement of the '911 Patent.

4. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards to AMRH from Samsung pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from July 21, 2020, through March 9, 2026, in the sum of $13,823,887.81.[3] This Amended Judgment is entered to specify the calculated amount of such pre-judgment interest which had not been specified or calculated when the prior Judgment Order (Dkt. No. 287) was entered in this case.

---

Nov. 7, 2016) (discussing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324–26 (Fed. Cir. 2009)) (noting that "[a] running royalty does not accrue until a sale or use occurs" and that "[a] lump sum royalty compensates the patent holder for both past and anticipated future infringement all at once, usually for the remainder of the patent term.").

[2] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

[3] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).

5. Pursuant to 28 U.S.C. § 1961, the Court awards to Anonymous Media Research Holdings, LLC from Samsung post-judgment interest applicable to all sums awarded herein, at the statutory rate, from March 9, 2026 until paid.

6. Under Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Plaintiff is the prevailing party in this case and shall recover its costs from Samsung. Accordingly, Plaintiff is directed to file their Bill of Costs.

Defendants' renewed motions for judgment as a matter of law and motion for a new trial remain pending (Dkt. Nos. 291-293, 295); all other requests for relief now pending by and between Plaintiff and Samsung that are not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 23rd day of July, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

3